# APRIL 14, 1937

### WYLIE ANDERSON V. THE STATE.

No. 18859.  Delivered March 3, 1937.
Rehearing Denied April 14, 1937.

The opinion states the case.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment being five years in the penitentiary.

The victim of the robbery was Webb Holman. He was intoxicated to the point that he knew nothing about what occurred, but officers testified that they saw appellant beating Holman and saw appellant take money from Holman's pocket. The evidence seems sufficient.

It appears that Hon. Thos. B. Ridgell's name by mistake appears on the transcript as appellant's attorney. By affidavit said attorney calls attention to the mistake, and his name is ordered stricken from the record at his request.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing is based upon the contention that the offense was not robbery but theft from the person. A distinction between robbery and theft from the person results from the fact that in robbery there is force or violence while in theft from the person there may be neither violence nor force used.

In Tex. Jur., Vol. 37, p. 11, sec. 9, it is said:

"To constitute robbery, the property must have been taken from its possessor by assault or violence, or by putting him in fear of life or bodily injury. If no fear was excited prior to the act of robbery, there must have been force or violence used with respect to the person robbed; and where force or violence was used, the offense is robbery and not theft."

Our re-examination of the evidence leaves us of the opinion that it is sufficient to show the offense of robbery.

From the testimony of the arresting officer, we take the following quotation:

"I saw the defendant, Wylie Anderson, on the side of the bed and he had one knee on Mr. Holman's chest and his left hand was in Holman's left pants pocket, and was beating Holman in the face with his right hand. I opened the door and walked in and Anderson pulled his left hand from Holman's pocket and started hitting Holman in the face with both hands. I jerked him to his feet, and as I did there was a pocket book fell apparently from Wylie Anderson's shirt pocket down on the side of the bed. This is the pocket book and I turned it in to the property room at the city hall."

Deeming the proper disposition of the case to have been made in the original opinion, the motion for rehearing is overruled.

*Overruled.*