TOLIE PEEBLES AND JAMES ALLEN V. THE STATE.

No. 20660. Delivered December 6, 1939.

The opinion states the case.

*Snell & Snell,* of Houston, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is robbery; the punishment, confinement in the penitentiary for ten years.

The parties involved in the transaction which was alleged to constitute robbery are negroes. According to the version of Bertha Marks, the injured party, the appellants took $34.17 from her without her consent on the 2nd of February, 1939. At the time of the alleged robbery she met the appellants at 12 o'clock noon on a busy street in the City of Houston. She testified that "dozens and hundreds of people were passing on the sidewalk" at the time she was robbed. She testified, further, that just prior to the robbery appellant Peebles came up to her and requested that she direct him to the Medical Arts Building; that she informed him that she did not know its location but would help him find the number in a telephone directory; that during the time she was talking to Peebles appellant Allen

walked up and said to her, "Give me your money"; that he further stated to her that unless she complied with his demand he would "leave her like he left a woman the night before"; that she had her money in her hand and that Allen took it and started walking away; that as Allen was walking away Peebles said to her, "You have a pretty wrist watch"; that he tried to take the watch from her arm; that when she called a white man who was passing Peebles told her to "shut up or he would stab her"; that Peebles then stated to her that he would try to get her money back as she looked like a hard-working woman; that after making this statement Peebles left the scene of the robbery; that she let appellants take her money because she was afraid "for her life or what they would do to her"; that she went to the police station and filed a charge of robbery by assault against the appellants; that thereafter she talked to Will Robinson, a negro policeman.

Robinson testified that when he arrested the appellants they told him they had taken the money of the injured party "by dropping a pigeon." He further testified that the injured party stated to him that the appellants "had dropped  pigeon on her."

Appellant Peebles admitted that he and  Allen  took  the money of the injured party but stated that the transaction occurred as follows: "He met Bertha Marks at the address on the corner of Main and Capitol. He made some inquiry of her concerning an address and telephone number. They walked into a store on the corner and Bertha Marks used the telephone book to locate the address that he inquired about. While they were in there James Allen came in and picked up a purse, stating 'Look what I have found.' At which time all three of them got together and agreed that each would put up a certain amount of money to guarantee their good faith and divide the money, which appeared to be several hundred dollars. Bertha Marks put up some money and he appeared to put a certain amount of money and James Allen was sent to a certain address to handle matters and get a check cashed. James Allen took all the money away and never returned. He told Bertha Marks that he would go and try to find James Allen and get her money back because he knew she was a hard-working girl. He left her and later joined James Allen and they divided Bertha's money."

Omitting the formal parts, the indictment charged the offense as follows:

"Tolie Peebles and James Allen, on or about the 2nd day of February, A. D. 1939, in said county and state, in and upon Bertha Marks did make an assault, and did then and there by

said assault and by violence and by putting the said Bertha Marks in fear of life and bodily injury, fraudulently and against the will of the said Bertha Marks, take from the person and possession of the said Bertha Marks, thirty-six dollars and fifty cents in money, the same being then and there the personal property of the said Bertha Marks, with the intent then and there to deprive the said Bertha Marks of the value of the same, and to appropriate it to the use of them, the said Tolie Peebles and James Allen."

We are constrained to agree with the contention of the appellants that the evidence is insufficient to support a conviction for robbery. Under the indictment it was necessary to prove either the assault alleged, the violence charged, or that appellants obtained the property by putting the injured party in fear of life or bodily injury. If any assault occurred it was after the money of the injured party had been obtained and during the time that appellant Peebles made an unsuccessful effort to take her watch. In short, the evidence fails to show an assault at the time the money was taken. Nor was there violence proved. The appellants made no demonstration and the only language employed on the occasion in question which might be construed to show a threat is found in the statement of appellant Allen that if the injured party refused to give him her money "he would leave her like he left a woman the night before." As above shown, the money of the injured party was taken on a sidewalk in the City of Houston where hundreds of people were passing. While it was her version that the statements made to her by the appellant Allen caused her to fear "for her life or what they would do to her," we are unable to reach the conclusion that the evidence of the acts, or conduct or words of the appellants, under the circumstances reflected by the record, were reasonably calculated "to put her in fear." The "putting in fear" which is referred to in the statute must, to support a conviction of robbery, be sustained by evidence of acts or conduct or words or circumstances reasonably calculated to effect that result. Easley v. State, 199 S. W. 476. It appears unreasonable that the language prosecutrix attributed to the appellant Allen would have engendered in her fear of such a nature "as in reason and common experience was likely to induce her to part with her money against her will." Easley v. State, supra, and authorities cited. We make this statement in view of all the circumstances surrounding the transaction and in view of the fact that, according to the version of the prosecutrix, she was robbed on a sidewalk over which hundreds of people were passing.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.