FLORIDA VAN ARSDALE *alias* FLOYD VAN ARSDALE
V. THE STATE.

No. 23520. Delivered December 18, 1946.

The opinion states the case.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for perjury; the punishment, two years in the State penitentiary.

Appellant was charged by indictment with the offense of robbery by assault. Upon the call of the case for trial, the State and appellant agreed that the charge of robbery would be reduced to the offense of theft from the person. The trial court consented to and recognized such agreement and reduction. Thereupon, appellant waived a trial by jury, entered his plea of guilty to the offense of theft from the person and filed his sworn plea for a suspension of sentence, in which he stated that he had never before been convicted of a felony in this State.

Upon the trial of the case, appellant testified in support of his plea for a suspended sentence that he had never before been convicted of a felony in this State.

Appellant was convicted of the offense of theft from the person and sentence was suspended.

The record does not affirmatively reflect why the robbery charge was reduced to theft from the person. The presumption attains that the facts did ont show robbery but did show theft from the person.

We are, at the outset, met with a question of jurisdiction of the court to try appellant for the offense of theft from the person under an indictment charging him only with the offense of robbery by assault. If the robbery indictment included the offense of theft from the person, then the court had jurisdiction over that offense; if not, then no valid indictment was pending against appellant for the offense of theft from the person and the court was without jurisdiction to try appellant for that offense.

The perjury here charged was the false statement and testimony made and given by appellant in a judicial proceeding wherein he was being tried for the offense of theft from the person. The making of a false oath for submission of the issue of suspended sentence constitutes perjury. May v. State, 125 Tex. Cr. R. 194, 67 S. W. (2d) 266—this upon the theory that such was an oath made in the course of a judicial proceeding. It follows that if there was no legal judicial proceeding pending, the false oath could not constitute perjury.

Robbery is defined by Art. 1408, P. C., as follows:

"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropri-

ate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

Theft from the person is defined by Arts. 1437 and 1438, P. C., as follows:

"Whoever shall commit theft by privately stealing from the person of another shall be confined in the penitentiary for not less than two nor more than seven years."

"To constitute the offense each following circumstance must concur:

"1. The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken.

"2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away.

"3. It is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to complete the offense."

In robbery, actual or threatened violence to the person antecedent to the robbery must exist. Such is not an element of theft from the person. Therein lies a material distinction between the two offenses. Harris v. State, 118 Tex. Cr. R. 597, 39 S. W. (2d) 888; Hammond v. State, 121 Tex. Cr. R. 596, 49 S. W. (2d) 779. Futhermore, in robbery the property may be taken from the person or possession of the injured party with or without his knowledge or consent. In theft from the person, the property must be taken from the person of the injured party without his knowledge or so suddenly as not to allow time to make resistence before the property is carried away.

Following the mandate of our Bill of Rights (Const., Art. 1, Sec. 10) that an accused shall have the right to demand the nature and cause of accusation against him, this court early said that to warrant a conviction for a less offense than that charged in an indictment it is necessary that every constitutent fact of the less offense be alleged in the indictment and that there be no

repugnancy between the constituents of the less offense and those of the offense charged. Huntsman v. State, 12 Tex. App. 619.

The Legislature, to further safeguard the constitutional guarantee mentioned, passed Arts. 694 and 695, C. C. P., which read as follows:

"In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher offense, but guilty of any lower offense included."

"The following offenses include different degrees:

"1. Murder, which includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder.

"2. An assault with intent to commit any felony, which includes all assaults of an inferior degree.

"3. Maiming, which includes aggravated and simple assault and battery.

"4. Burglary, which includes every species of house breaking and theft or other felony when charged in the indictment in connection with the burglary.

"5. Riot, which includes unlawful assembly.

"6. Kidnapping or abduction, which includes false imprisonment.

"7. Every offense against the person includes within it assaults with intent to commit said offense, when such attempt is a violation of the penal law."

These statutes have reference, primarily, to offenses consisting of different degrees and those offenses declared to consist of or include different degrees.

The offense of robbery is not one of the offenses there declared to consist of different degrees. It follows, then, that the action of the court in reducing the robbery charge to theft from the person must be tested in the light of the rule first stated.

In Munson v. State, 21 Tex. Cr. App. 329, 17 S. W. 251, this court held that an indictment for robbery would not support a conviction for assault with intent to murder, and in Foreman v. State, 57 S. W. 843, that it would not include the offense of aggravated assault.

In Jarrott v. State, 96 Tex. Cr. R. 239, 257 S. W. 256, where the issue was whether facts showed robbery rather than theft from the person, for which latter offense the accused had been convicted, this court said:

"We suggest that, in the event of a retrial, if the evidence fairly raises the issue that the money was taken as a result of violence, and after resistence * * *, it should be submitted to the jury under appropriate instructions, as he could not be convicted of robbery under an indictment charging theft from the person."

It appears that the converse would be equally true.

In the light of the rule stated, we are unable to reach the conclusion that theft from the person is an included offense in the crime of robbery. It follows, then that the trial court was without jurisdiction to try appellant for the offense of theft from the person when he is alleged to have committed robbery.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.