HARRY POLK V. STATE.

No. 25644. January 23, 1952.
Rehearing Denied March 5, 1952.

Hon. Roy D. Jackson, Judge Presiding.

*Hubert T. Faulk, Jocelyn J. Bowden,* and *Owen Ellington,* by *Hubert T. Faulk,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Jack N. Fant,* Assistant District Attorney, El Paso, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the primary offense of theft from the person, with the maximum punishment of seven years' confinement in the penitentiary affixed by reason of a prior conviction for robbery by assault.

Bustillos, the injured party, was seated at the counter of a cafe when appellant asked him to buy him "a beer." As to what then happened we quote from the testimony of Bustillos as follows:

"I told him I did not have any money. He then stuck his right hand in my left trousers pocket, and when I felt him putting his hand in my pocket, I grabbed his wrist and he jerked his hand away and this threw me on the floor. I had six dollars and twenty cents in my pocket. This defendant left when I was thrown on the floor. He took the bills from me and left me twenty cents."

Other witnesses corroborated this testimony.

Appellant did not testify or offer any affirmative defense. He contends that the state's testimony shows robbery by assault rather than theft from the person.

In Van Arsdale v. State, 149 Texas Cr. Rep. 639, 198, S. W. 2d 270, we had occasion to point out that a distinction between robbery and theft from the person lies in the fact that in robbery there must exist the actual or threatened violence to the person antecedent to the robbery, which is not true of theft from the person.

We are constrained to conclude that the offense here shown was that of theft from the person.

The effect of appellant's exception to the court's charge was that the jury should have been instructed to acquit appellant if Bustillos resisted to any extent or with any degree of force the efforts of the appellant to take his money. All the testimony warrants the jury's conclusion that the money was taken from Bustillos so suddenly as not to allow Bustillos time to make resistance. The facts, therefore, did not warrant any such instruction.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant again complains in his motion for rehearing herein that the testimony shows an assault with intent to rob rather than theft from the person.

It is true that the complaining witness testified as set forth in the original opinion. It is also true that other witnesses cor-

roborated this testimony. It is also true that still further witnesses did not in their entirety corroborate this testimony, but there was sufficient testimony, as well as its corroboration, to allow the jury to say that this property was taken from the injured party so quickly that he had no time to resist.

Appellant still re-urges that the exception to the court's charge should have called the court's attention to this claimed defense. We are of the opinion that no such defense existed. All the testimony relative to the money shows that it was taken from the state's witness before he had time to resist; that thereafter the appellant, with the appropriated funds, ran out the door and was not apprehended until at a future time.

We see nothing in the motion that would justify us in granting the same. It is therefore overruled.