### DEAN HARPER v. STATE

No. 28,115. May 9, 1956.

Appellant's Motion for Rehearing Overruled
June 20, 1956.

362

*Gib Callaway*, Brownwood, for appellant.

*Bill Allcorn*, District Attorney, Brownwood, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, five years.

Prosecutrix and one Jack Harper shared an apartment in the city of Brownwood. Both of them denied that they had ever slept together. On the night in question the appellant, who was Jack Harper's nephew, came to the apartment looking for Jack. After waiting a while for Jack to return and after nightfall, the prosecutrix and the appellant left in an automobile in an effort to locate Jack, but, instead of driving to where Jack might be encountered, the appellant drove out in the country, where he brought the automobile to a halt and an act of intercourse took place between them. The prosecutrix testified that the act occurred without her consent, in spite of her utmost resistance, and after the appellant had hit her several times on the face and head and had choked her into unconsciousness. The appellant testified that it occurred with her consent.

After the prosecutrix got back home she called the officers and reported the assault.

The evidence of most probative weight in the case relates to injuries sustained by the prosecutrix.

The sheriff, who saw her that night, stated that she "had skinned places about her face and about her neck, and her eyes were swollen and discolored and her nose was dislocated, or it looked to me that way, or broken, as it did not set in the posi-

tion it ordinary would." He stated that he saw her again the next morning, and "her eyes were black, black underneath her eyes and her nose was disfigured worse than it was the night before, and she had numerous scratches on her face."

The prosecutrix was unable to return to work for two weeks following the assault.

Dr. Jensen examined the prosecutrix the following morning and found both her eyes to be black, a bruise above her left eye, an area of contusion behind the right ear, abrasions of the skin on the neck and at the base of the neck, areas of tenderness on the scalp and on one leg, and a fractured nose.

The appellant testified that he drank beer with the prosecutrix before they left the apartment and that she proceeded willingly with him to the spot where the intercourse took place. He gave the following explanation of the injuries to the person of the prosecutrix which are summarized above. He states that during the course of the act of intercourse the prosecutrix had called out, stating that he was hurting her back, and in her efforts to push him away had scratched his face. He stated that this angered him, and, in retaliation for the scratching, he had slapped her across the face one time with the back of his hand, but immediately apologized for having struck her. He specifically denied having choked the prosecutrix but made no explanation as to the marks upon the prosecutrix' throat, neck and back of her ear.

The appellant offered the evidence of his brother, who stated that the prosecutrix had on two prior occasions willingly had intercourse with him. He offered further testimony of the prosecutrix' poor reputation for virtue.

The evidence will be discussed more in connection with appellant's contentions advanced in brief and argument.

He first contends that the overwhelming weight of the evidence in the case shows that the prosecutrix consented to the act of intercourse. He argues that her denial that she and Jack Harper were living in adultery in the apartment is so patently untrue as to require that her testimony concerning the rape be disbelieved. He argues further that because she accepted a date with the appellant's brother, knowing him to be a married man, her denial that she engaged in the several acts of intercourse with him should be rejected along with her denial that

she willingly engaged in the act of intercourse here charged. Without amplifying further upon appellant's contention, we again call attention to the injuries sustained by the prosecutrix and observe that, even if we accept the appellant's premise that the prosecutrix had been promiscuous with others, this would in nowise affect her right to withhold her favors from the appellant, which she obviously attempted to do.

The appellant next contends that the trial court erred in not granting his motion for new trial because of newly discovered evidence.

The appellant testified that the prosecutrix joined with him in drinking beer both before and after they left the apartment. The prosecutrix testified that there had been no beer in the apartment but that the appellant had drunk a can of beer during the course of their automobile ride.

On the motion for new trial, the appellant offered the evidence of certain policemen who had come to the prosecutrix' apartment in response to her first call for help to the effect that they had seen certain beer bottles in the apartment and that the prosecutrix had admitted that she had "had a beer with" the appellant.

This testimony would certainly have been admissible as rebuttal testimony on the main trial had it been offered. The appellant's counsel testified on the motion for new trial that he was under the impression that the policemen would be hostile to the appellant and that he had not asked these policemen what their testimony would be until after the conviction of the appellant.

The policemen testified at the hearing on the motion that they had made no effort to conceal from the appellant or his counsel any information which they had on the case and that they had never refused to discuss the case with anyone.

Recently, in Gephart v. State, 157 Tex. Cr. Rep. 414, 249 S.W. 2d 612 (a death penalty), we said, "No defendant ought to be permitted to speculate on the results of a trial, to neglect to summon his witnesses, go to trial, hoping to secure an acquittal, and, in the event of failure to do so, then bring forward the witnesses to be used as a means to secure a new trial."

We have concluded that the appellant did not exercise due

diligence in order to secure the testimony of these officers whom the appellant's uncle had seen leaving the prosecutrix' apartment on the night in question.

The remainder of the alleged newly discovered evidence was merely cumulative to the testimony offered on the original trial as to prosecutrix' reputation for virtue and would not call for the granting of a motion for new trial.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

In his motion for rehearing, appellant presses upon us his contention that we erred in holding that he was lacking in diligence in not discovering, prior to the motion for new trial, the testimony of the policemen as to the finding of the beer bottles in the apartment of the prosecutrix and the latter's admission that she had drunk beer with the appellant.

Appellant calls attention to the fact that we stated in our original opinion that the testimony of the policemen would have been admissible upon the main trial. He insists, therefore, that, because of the particular facts of the case under which it could hardly have been foreseen by him or his counsel that the testimony of the policemen would have been material to his defense, we should not apply the strict rule of diligence which we have here applied.

Appellant's insistence is not without its appeal. Such, however, could be said of most all cases involving newly discovered evidence.

We have concluded that the disposition made of the question of newly discovered evidence does not rest, alone, upon a lack of diligence to ascertain the absent testimony.

Newly discovered evidence warrants the granting of a new trial when, among other things, it appears that a different result would likely have been reached had such evidence been presented at the trial. Henson v. State, 150 Tex. Cr. R. 344, 200 S.W. 2d 1007.

Here, the trial court, in the exercise of his discretion, upon

the hearing of the motion for new trial, in overruling the motion, concluded that a different result would not likely have been reached.

To overturn that conclusion, we must find an abuse of discretion by the trial court. This we are unable to do, under the facts presented.

Appellant's motion for rehearing is overruled.