### TEX JAMES CASSIDY v. STATE.

No. 30,651. April 22, 1959.
Motion for Rehearing Overruled June 3, 1959.
Second Motion for Rehearing Overruled June 24, 1959.

DAVIDSON, Judge, dissented.

*Doss Hardin,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery; the punishment, seven years.

Mrs. Fulcher, who was employed in a downtown tailor shop in Fort Worth, testified that she was momentarily alone in the shop at 5:00 P.M. when a man carrying a sack approached her and demanded that she open the cash register and hand him the money therefrom, that she refused and he said, "Lady, this is a gun I have in this sack, and I don't have much time." She stated that at this juncture the man pulled out of the sack "what looked like a gun handle to me, about half a gun," told her it was a .38, again instructed her to open the cash register, with which demand she then complied but still refused to hand him the money. According to her testimony, at this moment Mrs. Mitchell, her employer, entered the shop, and she informed Mrs. Mitchell that they were being robbed and, while she was talking to her employer, the man "snatched the bills from the register and ran," and Mrs. Mitchell pursued him.

Within an hour after the robbery, the appellant had been apprehended and was placed in a lineup where he was identified by both the ladies. Mrs. Fulcher positively identified the man she saw in the lineup as the person who had robbed her. She testified that "his looks has changed" by the time of the trial, and she refused to positively identify him at that time.

Mrs. Mitchell testified that she pursued the appellant after he snatched the money from her cash register and, as he fled from her shop for several blocks, until he ran into an alley back of the Milner Hotel. She stated that she was a reluctant witness because she "understood he (the appellant) has some children" but positively identified the appellant as the man who took her money, the man she had seen in the lineup, and the man who was on trial.

A. C. Howerton, veteran Fort Worth police officer, testified that both women identified the appellant in the lineup as the person who had robbed them, and that there was a fire escape leading from the Milner Hotel to the alley behind it which "you can get on and go back up into the Milner Hotel."

The officers who searched the appellant's room at the Milner Hotel shortly after the robbery did not find a pistol, and the appellant, who was in the room, was shown to have only $25.00

on his person, whereas the injured party stated that a check of her register showed that she had lost approximately $60.00.

The witness Sheppherd testified for the state that he operated a barber shop near the Milner Hotel and that on the day in question he had seen a woman he had observed in court on the day of the trial chasing a man past his shop. He was not, however, able to identify the appellant as the man.

The appellant, testifying in his own behalf, stated that he was drinking on the day in question and was in his room at the time the robbery occurred. He called witnesses who attested his good reputation.

Appellant first contends that the evidence shows the offense of theft from the person rather than robbery. He relies 'upon the following portion of the testimony of the witness Fulcher.

"Q. Were you afraid of your life or serious bodily injury at that time? A. No, I really wasn't; at the time I wasn't."

We note later on in the testimony of the same witness the following:

"Q. I will ask you whether or not you did have apprehension for your life? A. In a way.

Be this as it may, it is the appellant's contention that the first question and answer showed that the witness was not put in fear and therefore the offense is not robbery. He relies upon Easley v. State, 82 Texas Cr. Rep. 238, 199 S.W. 476; Hammond v. State, 121 Texas Cr. Rep. 596, 49 S.W. 2d 779; Anderson v. State, 132 Texas Cr. Rep. 255, 103 S.W. 2d 753; Peebles v. State, 138 Texas Cr. Rep. 55, 134 S.W. 2d 298; Alaniz v. State, 147 Texas Cr. Rep. 1, 177 S.W. 2d 965; and Van Arsdale v. State, 149 Texas Cr. Rep. 639, 193 S.W. 2d 270.

Appellant calls attention to the fact that in Barber v. State, 158 Texas Cr. Rep. 561, 258 S.W. 2d 87, we discussed both Easley and Peebles and distinguished them from the case then before us. We have concluded that the same distinction may be made here. In Barber, the accused actually drew a knife upon the injured party, while in the case at bar the appellant exhibited "about half a gun" before the injured party opened the cash register.

In support of the conclusion that robbery was here shown, we quote from two of the cases relied upon by the appellant. In Peebles, this court said, "Under the indictment it was necessary to prove either the assault alleged, the violence charged, or that appellant obtained the property by putting the injured party in fear of life or bodily injury." In Van Arsdale, we said, "In robbery, actual or threatened violence to the person antecedent to the robbery must exist. Such is not an element of theft from the person. Therein lies a material distinction between the two offenses." [149 Texas Cr. Rep. 639, 198 S.W. 2d 272.]

Surely, the statement of the appellant that he had a .38 gun in the sack, plus the act of withdrawing it so that she might see half thereof, constituted an assault and threatened violence and was sufficient to establish the offense of robbery.

By Bill of Exception No. 2, appellant contends that the court erred in failing to grant his motion for new trial based upon newly discovered evidence. The witness Wright testified at the hearing on the motion for new trial that on the day charged in the indictment as he was waiting for a bus at 8th and Commerce Streets in Fort Worth at 5:30 P.M. he saw a man running and a woman running after him. He testified that the man was not the appellant who he had known since the appellant was a boy, and that he had not told anyone about what he had seen until after the appellant's trial, even though the witness admitted that he had read in the newspaper about the appellant being in trouble. It should be noted that the witness did not identify the woman as Mrs. Mitchell, nor did he state that she in any way resembled her, nor does the bill of exception recite sufficient facts to show that what the appellant saw was in fact part of the transaction upon which the State relied for a conviction.

We have concluded that the trial judge who heard the witness might logically have concluded, as his action in overruling the motion for new trial would indicate that he did, that the transactions were not the same and that the addition of the alleged newly discovered evidence would not, in the face of Mrs. Michell's positive identification, have produced a result more favorable to the appellant had it been presented to the jury. Harper v. State, 163 Texas Cr. Rep. 361, 291 S.W. 2d 950.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant again insists that the trial court erred in overruling his motion for a new trial based upon newly discovered evidence. The testimony claimed to be newly discovered is that of Tom Wright. In addition to Wright's testimony, as related in the original opinion, it is further shown that he testified that he was an "habitual" and thorough reader of the newspapers; and that he knew nothing about this case until he read in the newspaper that appellant, whom he had known since childhood and had seen frequently, had been given seven years in the penitentiary for robbery.

Appellant's name appeared in the indictment as Tex James Cassidy and the indictment alleged the offense to have been committed on or about May 23, 1958.

The state in rebuttal called the supervisor of the reference room of the Star Telegram which clips and files news items appearing therein. She testified that there appeared in the evening issue of said paper on May 24, 1958, the lead line, "Ex City Detective Jailed in Holdup," followed by an article of three columns of 8, 4 and 4 inches in length in which appeared the name of the appellant as the person charged with the commission of the robbery.

The truth or probable effect of the claimed newly discovered evidence is primarily for the trial judge who passes upon the motion for new trial, and this court will not interfere with his action in denying the motion, if under all the facts no abuse of his judicial discretion is shown. Art. 757, Vernon's Ann. C.C.P.; 31 Texas Jur. 284-285, Secs. 84 and 85; 1 Branch's Ann. P.C. 2d 255-256, Secs. 222 and 223.

It is concluded that the trial court, upon all the evidence offered, did not abuse his discretion in overruling the motion for a new trial.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.

DAVIDSON, Judge, (dissenting).

1 can not agree to the affirmance of this conviction.

I am of the opinion that the undisputed evidence fails to show that the money was taken from the injured party under circumstances constituting the crime of robbery, because of the absence of an assault upon or putting the injured party in fear.

The evidence shows the commission of the crime of theft from the person.

This conclusion is in keeping with the views expressed by me in my dissenting opinion in Bell v. State, 167 Texas Cr. Rep. 460, 321 S.W. 2d 302.

I respectfully dissent.