Stephen Joseph **PETROFF**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41994.

Court of Criminal Appeals of Texas.

April 16, 1969.

. Donald D. Koons, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Kerry P. FitzGerald and James P. Finstrom, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle on a public highway while license is suspended (Art. 6687b, Sec. 34, Vernon's Ann. Civ.St).

Trial was before a jury on a plea of not guilty. The jury found appellant guilty; rejected his application for misdemeanor probation and assessed his punishment at 90 days in jail and a $50.00 fine.

Two grounds for reversal are set forth in appellant's brief.

Ground No. 1 relates to the sufficiency of the evidence.

Police Patrolman Robert A. McCraw positively identified appellant as the driver of an automobile which passed at a high rate of speed, on West Garland Avenue, while he was making an investigation at the scene of an accident.

Officer McCraw testified that he attempted to flag down the car and, after it passed without stopping, he went to his patrol car and pursued it. After losing sight of the car for a short period of time he came upon it in a parking lot.

Appellant and his brother, Calvin, Jr., got out of the car but Officer McCraw had not been able to see which door either got out.

Both appellant and his brother Calvin Jr. stated at the scene and testified at the trial that the automobile in which they were riding belonged to appellant, but that appellant's brother Calvin was driving it.

Officer McCraw's reply at the scene, and his testimony at the trial, was that it was possible that Calvin Jr. had been driving the vehicle, "but at the time they came by me, Stephen was driving."

The officer further testified that he was well acquainted with appellant (Stephen) and his brother (Calvin Jr.); that he had known them for about 3 years; that he arrested appellant for driving while his license was suspended; that he advised Calvin that if he kept insisting that he was driving, "I had a violation there and that I would place him under arrest also." Calvin insisted that he was driving and the officer arrested him.

■ The jury resolved the fact issue as to whether appellant drove the automobile on a public street in favor of the state and the evidence is sufficient to sustain the jury's finding.

The undisputed evidence, including the official records of the Drivers License Division of the Department of Public Safety relating to the Texas Commercial Operators License and the Texas Operators License issued to appellant, and the testimony of appellant was that at the time in question appellant's Operator's license was suspended.

The official records which were admitted in evidence without objection reflect that appellant's Texas Operator's License was suspended for a period of 12 months, effective October 18, 1966, upon affirmative findings pursuant to Sec. 22 of Art. 6687b V.A.C.S. Officer McCraw's testimony was that appellant drove the automobile on West Garland, in Dallas, on May 27, 1967, the date alleged in the information.

Ground of error No. 1 is overruled.

The second ground of error complains of the overruling of appellant's motion for new trial on the basis of newly discovered evidence. Attached to the motion was the affidavit of one Mike Mott to the effect that when Stephen (appellant) and his brother Calvin came to the service station where he worked at about 6 P.M. on May 27, 1967, in Stephen's car, Calvin was driving and Calvin was driving when they headed off east on Garland Road.

Trial was on November 9, 1967. The motion for new trial alleges that "several weeks before the trial appellant tried diligently to locate the whereabouts of Mike Mott." The arrest was made May 27, 1967.

It is not shown that process was sought or subpoena issued for Mott as a witness.

No motion for continuance in order to locate Mott or to obtain his testimony is found in the record.

In view of the testimony of the officer as an eye witness, it is improbable that had Mott testified before the jury to the matters set out in his affidavit it would have changed the result of the trial.

■ Under all of the facts, the record does not show that the trial court abused his discretion in overruling the motion for new trial. See Cassidy v. State, 168 Tex. Cr.R. 254, 324 S.W.2d 857; and cases listed under Art. 40.03 Vernon's Ann.C.C.P., Notes 616, 662 and 669.

The judgment is affirmed.

MORRISON, Judge (concurring).

I reluctantly concur. I point out that it is deplorable police practice to arrest one who offers a defense for an accused.