Harold MAULDIN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43412.

Court of Criminal Appeals of Texas.

Feb. 10, 1971.

Dalton Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, George McManus and Jerry Loftin, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by firearms. The punishment was assessed by the jury at 36 years confinement in the Texas Department of Corrections.

The appellant relies on three grounds of error as follows: (1) The error in submitting to the jury the issue of violence; (2) Insufficient evidence to support a finding of robbery by firearms; and (3) The argument of the state that appellant was "a professional robber."

W. G. Hanger testified that on September 12, 1969 he was manager of Buddies Supermarket #11, located at 506 Seminary Drive in Fort Worth. He identified the appellant as the person who, on that date, robbed him. Hanger was cashing checks at the time, when appellant, who had been standing in line, gave him a sack. Appellant opened his shirt and put his hand on a pistol and started cursing at Hanger. Hanger filled the sack with money and threw it on the floor. As the appellant reached for it, Hanger threw a stapling machine at him. The appellant then fired the pistol at Hanger, but missed.

The sack was introduced into evidence. The following words were written on the sack: "Fill this up with all bills. Large ones first. There is another man behind. Do as I say and no one will be hurt."

Hanger further testified that he filled the sack with money because he was instructed to by the appellant verbally and in the note, and because of the presence of the gun. After firing the shot, the appellant ran out the door.

Mrs. Doris Crowley, an employee at the store, observed the incident. She identified

the appellant as the robber, and she testified that she saw him give Hanger the sack. She watched as Hanger filled the sack with money and threw it on the floor. At this time, she had not seen the gun. She saw appellant reach for a gun under his shirt when he picked up the sack. She then turned and ran from the office.

Other state's witnesses testified that they saw the appellant leave the store, get in a car with a second individual, and change cars. The police recovered the sack containing a large amount of money when they arrested the appellant and searched the car.

The court charged the jury as follows:

"Our statutes provide that if any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another, any property with intent to appropriate the same to his own use, he shall be guilty of robbery, and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, he shall be guilty of the offense of robbery by firearms.

(a) The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means of degree of violence used, is an assault and battery. Any attempt to commit a battery or any threatening gesture, showing within itself, or by words accompanying it, an immediate intention coupled with an ability to commit a battery, is an assault.

\* \* \* \* \* \*

(c) By the term 'VIOLENCE' is meant such actual force as restrains the person to whom it is applied, as duress, from escaping, or such ill treatment as is calculated to render him incapable of resistance."

Specifically, the appellant contends that there is no evidence to support submission of the issue of violence to the jury because all the violence happened after the robbery

took place. The appellant opened his shirt, thereby making a gun visible, and pulled on the gun, although he did not remove it from his belt. Hanger testified that he was in fear of his life. He further testified that, "Like I said awhile ago, I don't know anything about guns. I don't care to. When anyone puts their hand on one, it throws the fear of something into you."

■ There are three distinct methods of committing the offense of robbery, which are (1) assault, (2) violence, and (3) putting in fear of life or bodily injury. Green v. State, 66 Tex.Cr.R. 446, 147 S.W. 593; Robinson v. State, 67 Tex.Cr.R. 79, 149 S.W. 186. This Court has held that if the evidence raises only one method of committing a robbery, then the court should only submit that one method to the jury. Powell v. State, 60 Tex.Cr.R. 201, 131 S.W. 590; Palmer v. State, 71 Tex. Cr.R. 335, 160 S.W. 349; 5 Branch's Ann. Penal Code, Sec. 2603, page 32. The trial court here instructed the jury as to all three methods, and defined assault and violence.

In the Palmer case, the court instructed the jury as to violence and fear. In that case, the robber had held a pistol on the victim, and the evidence was held sufficient to support the charge.

In Powell, the court gave a general definition of robbery as set out in the statute, as did the trial court in this case. Both courts instructed the jury to find the defendant guilty if they found beyond a reasonable doubt that the defendant "did make an assault, did use violence," and did put the victim in fear of life and bodily injury. This Court reversed, holding that it was error to so instruct the jury when there was no evidence that the victim was put in fear of his life.

■ In this case, however, we cannot agree that there was no evidence of violence. There are many kinds of violence, and the statute does not mention physical injury to the person as the kind of violence

intended. Mimms v. State, 121 Tex.Cr.R. 555, 51 S.W.2d 601. The violence can be actual or threatened. Van Arsdale v. State, 149 Tex.Cr.App. 639, 198 S.W.2d 270. Firearms exhibited in a threatening manner is violence. Cain v. State, 136 Tex.Cr.R. 275, 124 S.W.2d 991. Where there is proof of an assault and proof of a putting in fear, it cannot be said there is no proof of violence. Mimms v. State, supra.

■ Hanger testified that he feared for his life. The note to fill the sack with money, together with the display of the pistol, were clearly a threat to Hanger's life if he did not comply with the instructions. Under the facts of this case, there was sufficient violence present to justify the court's charge. Appellant's first ground of error is overruled.

■ Appellant's second ground of error is that there is insufficient evidence to support the jury's verdict. The appellant displayed the pistol to the victim of the robbery in a threatening manner, and ordered him to fill the bag with money. There is sufficient evidence to support the jury's verdict.

The appellant cites the case of Peebles v. State, 138 Tex.Cr.R. 55, 134 S.W.2d 298. After discussing the necessity of proof of either assault, violence, or putting the injured party in fear of life or bodily injury, this Court concluded that none of those things were shown by the evidence. There, the assault did come after the robbery. Here, the display of the weapon and the threatening orders constituted an assault before the robbery. In Peebles, the events took place on a crowded sidewalk, so that there was no real threat of violence, and in that case, there was no "putting in fear" which was sustained by acts, conduct, words, or circumstances reasonably calculated to effect that result. In the instant case, the appellant's acts, words, and conduct were clearly calculated to put the victim in fear of his life. See: Cassidy v. State, 168 Tex.Cr.R. 254, 324 S.W.2d

857. Appellant's second ground of error is overruled.

■ Finally, appellant claims reversible error because the prosecutor referred to appellant as a "professional robber." Upon objection, the court instructed the jury to disregard the remark, but denied appellant's motion for a mistrial.

During jury argument, the prosecutor made the statement: "He is a notewriter. He doesn't use guns, ladies and gentlemen, that is not true. He is a professional robber." Where such a jury argument is a reasonable deduction from all the evidence, no reversible error is presented. Siwakowski v. State, Tex.Cr.App., 387 S.W.2d 669. In Meyer v. State, Tex.Cr.App., 416 S.W.2d 415, this Court rejected the argument that those words left the impression the appellant had committed similar crimes in the past. The evidence as a whole might show it to be the work of a "professional." Although whether the robbery was a professional one is arguable, the prosecutor's deduction from the evidence was a reasonable one. Meyer v. State, supra; Siwakowski v. State, supra. Appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.