**Johnny Ray JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46174.

Court of Criminal Appeals of Texas.

April 25, 1973.

Douglas H. Chilton (Court appointed), Texas City, for appellant.

Jules Damiani, Jr., Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

Appellant's sole contention is that the evidence is insufficient to support his conviction for robbery by assault. He argues that the proof reflects the offense of theft from the person, not robbery.

The 77-year-old complaining witness testified that on the morning in question she went to a neighborhood grocery store where she cashed her $63 pension check and purchased approximately $6 worth of groceries. When she returned home, with a grocery sack in each arm, she knocked on the door. As she waited, on a small stoop, to be admitted, ". . . I felt a tug on my purse . . . the force—the tug was so hard, until it pulled me completely around—my back was to the street—I was facing the door and it pulled me completely around and as I came around, my arm came out and of course, my groceries fell and that's when the purse slid off my arm—tearing from here on down—just bruised all this part of my arm . . ." She further testified that her assailant pulled the purse with such force that "I could not hold onto it [the purse] any longer, because he was so strong—until I just had to turn—I just could not hold myself up there any more and I went over—I fell over—I didn't fall down the steps—I fell over the side of the stoop [to the ground]". As a result of the fall her ". . . whole knee was skinned, bloody . . ."

Appellant was apprehended a short time later several blocks from the scene of the offense. He had approximately $57 in his possession. The complaining witness, who had never seen appellant before the attack, identified him as her assailant.

In Jones v. State, Tex.Cr.App., 467 S.W. 2d 453, we said:

"It is well settled that to constitute the offense of robbery, there must be actual

or threatened violence to the person antecedent to the robbery, or intimidation of such character that the injured party is put in fear  .  .  .

"The mere snatching of money from another's hand is not robbery, but is theft from the person."

See also Jemmerson v. State, Tex.Cr.App., 482 S.W.2d 201; Polk v. State, 157 Tex. Cr.R. 75, 246 S.W.2d 879; Van Arsdale v. State, 149 Tex.Cr.App. 639, 198 S.W.2d 270.

The complaining witness testified that the force of appellant's attack, which she resisted, wrenched her completely around and· caused her to drop her groceries before she even began to relinquish her purse.  This testimony sufficiently establishes the requisite antecedent violence which distinguishes the offense of robbery from that of theft from the person.  Jemmerson v. State, supra; Hicks v. State, Tex.Cr.App., 482 S.W.2d 186.  Cf. Byrd v. State, Tex.Cr. App., 490 S.W.2d 575.

The judgment is affirmed.