Kevin Gary HARDING, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0615–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 30, 1985.

Terrance Windham, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Lori Millberg, Marie Munier, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and DUNN and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of robbery, and the court, after finding the enhancement allegation true, assessed punishment at confinement for 20 years.

The first ground of error challenges the sufficiency of the evidence. Appellant correctly notes that there are many inconsistencies in the evidence presented below. As the fact finder, the jury was entitled to accept any part of the evidence offered at trial. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983). For this reason, our review of the sufficiency of the evidence is determined by an examination of the record in the light most favorable to the jury's verdict. *Id.; Darrington v. State*, 623 S.W.2d 414 (Tex.Crim.App.1981).

The evidence shows that the complainant was walking home when he was grabbed from behind and knocked down. The complainant did not know if this attack was made by one or more assailants. He was told not to move, and a man took his billfold and removed money from his front pocket. The complainant testified that he was in fear of imminent bodily injury or death at this point. While this confrontation was still in progress, a police officer arrived on the scene and arrested appellant and a companion. The complainant's wallet was returned. At trial, the complainant was unable to identify appellant as one of his attackers.

At the time in question, Officer Joseph Gadus was driving his auto following his parents' car. He noticed his parents had to brake suddenly to avoid hitting the complainant, who had run in front of them. His attention thus drawn to the complainant, Gadus noticed that he kept looking behind him toward two men standing at the corner. Gadus saw the two walking toward the complainant. The taller man, later identified as appellant, had what appeared to be a shaving kit in his hand. Gadus found this behavior suspicious and decided to circle the block and return. When he returned to the scene, Gadus observed the complainant with his hands up and appellant "turning his pockets out-side." Gadus called for assistance and brought his car to a stop. He exited the car, pointed his pistol at the two men, and told them to "freeze." Both men complied. Appellant had a "shaving kit type bag" in his hand, which he dropped over a fence near him. Other officers arrived and recovered this bag. It was partially open and contained a loaded pistol and $16 in cash, a sum approximating the amount of money the complainant testified that he had been carrying. There was no evidence that the appellant ever displayed or mentioned the pistol to the complainant.

Appellant was charged with robbery by intentionally or knowingly threatening or placing another in fear of imminent bodily injury while in the course of committing a theft of his property with an intent to obtain or maintain control over that property. Tex.Penal Code Ann. sec. 29.02(a)(2) (Vernon 1974). He asserts that the evidence is insufficient because it did not establish that he either threatened or placed the complainant in fear of imminent bodily injury or death.

■ Appellant notes that the complainant could not identify who knocked him down and robbed him. He argues that, although the complainant testified that he feared imminent bodily injury, there was no evidence that appellant was the cause of these fears or that there was, in fact, any sufficient cause for these emotions. *See Peebles v. State*, 138 Tex.Crim.R. 55, 134 S.W.2d 298 (1939). The jury was not charged on the law of parties. Therefore, we review the evidence in light of the charge to the jury, and our review of appellant's sufficiency complaint examines whether appellant was proven culpable as an individual. *Benson v. State*, 661 S.W.2d 708, 715 (Tex.Crim.App.1983).

■ The incident in question began with the complainant being grabbed from behind and knocked down. This act communicated the offenders' willingness to use force against him. The jury was entitled to infer from the totality of the evidence that appellant caused, assisted, or encouraged this assault on the complainant. Almost immediately thereafter, appellant was observed

participating in the theft of the complainant's property. We find that appellant's nonconsensual search of the complainant's clothing carried an implicit threat of additional violence sufficient to justify the complainant's fear of bodily harm. We conclude that the evidence is sufficient to support the verdict. *See Hicks v. State*, 482 S.W.2d 186 (Tex.Crim.App.1972). The first ground of error is overruled.

■ Appellant's second ground of error contends that the trial court erred in refusing to charge the jury on the lesser included offense of simple assault. A defendant is entitled to a charge on a lesser offense if the elements of the lesser offense are included within the elements of the offense charged, and there is some evidence showing that, if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981). There was no evidence from any source that appellant, if guilty, was guilty only of assault. The evidence indicated that he was guilty of the offense charged or not guilty of any offense. The trial court, therefore, did not err in refusing to charge the jury on assault. *Id.* The second ground of error is overruled.

The judgment of the trial court is affirmed.