David J. HEATHCOAT, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00132–CR.

Court of Appeals of Texas, San Antonio.

April 2, 1986.

Don Killingsworth, San Antonio, for appellant.

Sam Millsap, Jr., Sam Ponder, Jody Tullos and Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

Appellant was convicted of aggravated robbery with a deadly weapon. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon 1974). The jury found him guilty as charged and the trial court assessed the punishment at forty-five years' confinement.

In the first assignment of error appellant complains that the evidence was insufficient to support the guilty verdict. Appellant was identified as the person who approached the cashier at Home-Pro Warehouse and demanded the money from the cash drawer. The complaining witness tes-tified that she observed appellant move his hand to the waistband of his pants and that she saw the gun; she said appellant tapped the handle of the gun and ordered her to be quiet. She further stated that the reason she gave him the money was because she was frightened and "he had a gun." Appellant argues that there were no threats of a present intent to use the gun and that the weapon was not exhibited as contemplated by the statute.

The indictment tracks the statute and in pertinent part charges: "... defendant, did then and there intentionally and knowingly threaten and place Martha Villarreal, hereinafter called complainant, in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely: a gun." In reviewing a question on the sufficiency of the evidence we must determine, after considering the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Griffin v. State*, 614 S.W.2d 155, 158–59 (Tex.Crim.App.1981).

The undisputed evidence shows that appellant had a gun in the waistband of his pants and that he robbed the Home–Pro Warehouse by ordering the cashier to give him the money in the cash drawer. He tapped the gun and told the complainant to be quiet. In *Taylor v. State*, 637 S.W.2d 929 (Tex.Crim.App.1982), the court in discussing the elements of aggravated robbery stated:

> [A] defendant need not display a deadly weapon to his victim in order for the State to establish a threat to do imminent bodily injury.
>
> \* \* \* \* \* \*
>
> The 'putting in fear' which is referred to in the statute must, to support a conviction of robbery, be sustained by evidence of acts or conduct or words or circumstances reasonably calculated to effect that result.

*Id.* at 932.

Analogously, in *Mauldin v. State*, 463 S.W.2d 10, 12 (Tex.Crim.App.1971), the de-

fendant opened his shirt and pulled on the gun, but did not remove it from his belt. The complainant testified that he was in fear of his life. The court found sufficient evidence to support the jury verdict. *Id.* at 12 and 13. More recently, in *Martinez v. State*, 641 S.W.2d 526, 527 (Tex.Crim.App. 1982), the court addressed this issue saying: "Just as one may exhibit a gun without using it, one may use a gun without exhibiting it." Here the complaining witness testified that she was "very frightened and felt threatened"; that she surrendered the money because appellant had a gun. Thus we conclude there is sufficient evidence to establish that a gun was used and exhibited during the commission of the offense. Appellant's first ground of error is overruled.

■ The second ground of error concerns the trial court's refusal to charge the jury on the lesser included offense of robbery. Robbery is a lesser included offense of aggravated robbery. *Ex parte Walton*, 626 S.W.2d 528, 530 (Tex.Crim.App.1981). In the first ground of error we found the evidence was sufficient to conclude that appellant intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely: a gun. The two-prong test enunciated in *Royster v. State*, 622 S.W.2d 442, 444 (Tex.Crim.App.1981), requires: (1) that the lesser included offense must be included within the proof necessary to establish the offense charged; and (2) that there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. In this case, there is no evidence in the record to show that if appellant was guilty, he was guilty of robbery only. The second ground of error is overruled.

In the third ground of error appellant complains that the trial court erroneously admitted evidence of an extraneous offense. Specifically, appellant contends that the testimony of Officer Trevino that appellant and the officer exchanged gunfire constituted prejudicial evidence of an extraneous offense which denied him the right to a fair and impartial trial. The record reflects that appellant fled to the rear of the Home-Pro Warehouse after the robbery. The officer arrived on the scene, then searched for and found appellant. Having information that appellant was armed, he ordered appellant to stop and take his hand out of his pocket. The officer then ducked and heard five shots, one of which struck the police vehicle; he returned fire and shot appellant.

■ In Texas, evidence of extraneous offenses is admitted to show the context in which the criminal act occurred. "[T]he jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence." *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim.App.1972). Where an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven, proof of all such facts is proper. *Johnson v. State*, 510 S.W.2d 944, 948 (Tex.Crim.App.1974). In the instant case, appellant contested a material issue in the case concerning the use and exhibition of the gun. The evidence concerning the exchange of gun fire as appellant sought to escape apprehension was blended or closely interwoven with the case on trial. The evidence was properly admitted. The third ground of error is overruled.

The judgment of the trial court is affirmed.