

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00089-CR

_____

WALTER WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 40149-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I.  Introduction

After waiving trial by jury, Walter White was convicted by the trial court of burglary of a habitation[1] and sentenced to twelve years' imprisonment.  The indictment alleged that White committed burglary of a habitation by entering, without effective consent, the home of S. Perry, and that White attempted to commit or committed the felony offense of aggravated assault. White succinctly expresses the issue on appeal:  "Is there sufficient evidence to sustain the trial judge's finding that appellant attempted to commit aggravated assault?"  We find the evidence is sufficient and affirm the trial court's judgment and sentence.

## II.  The Altercation at the Apartment

The events leading to White's conviction occurred the evening of October 4, 2010. White had been drinking throughout the day; that evening, he was at the apartment of his girlfriend, Shallett Perry.  The couple were arguing:  Perry testified she had been "fussing" at him about his drinking.  Perry asked White to leave; he would not, and Perry called the police, who arrived and told White to leave.   The officer told White not to return, lest he be charged with trespassing.[2]  Nevertheless, about twenty minutes later, White broke through the locked door to Perry's apartment; Perry jumped up and pushed White out the door.  She said White pushed and

---

[1]TEX. PENAL CODE ANN. § 30.02 (West 2011).

[2]The officer testified that at the time, there was a previous trespass warning against White:   the officer told White he was trespassing at that time, and if he returned he would be arrested.

punched her. Perry testified White reached to the front of his pants, where she saw a black handgun. Perry believed the gun was a .380 based on its size and did not think it was a toy. White called Perry a bitch and said he would kill her; she testified she felt threatened and believed he would kill her. Their scuffle had taken them outside the apartment, and a crowd was gathering. White backed away and Perry returned to her apartment, where she telephoned the police again. By this point, White had fled the scene. He was arrested the next day.

## III. Sufficiency of the Evidence

White challenges the sufficiency of the evidence to support the trial court's finding of attempted aggravated assault.[3] White argues that the evidence is insufficient in that it only shows that the complainant "saw a handgun tucked in the pants of appellant" and "felt threatened by the weapon although the appellant never pointed it at her or brandished it in any way."

In evaluating the legal sufficiency of the evidence supporting White's conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of burglary of a habitation beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010,

---

[3]As recited at the beginning of this opinion, the State's indictment neither specified in what manner assault was committed, nor the aggravating conduct: i.e., whether by allegedly inflicting serious bodily injury or by using or exhibiting a deadly weapon. White made no challenge to the indictment. The trial judge, when announcing his verdict, stated he found "assault is clear because you -- there's testimony you punched and pushed" Perry. After summarizing the evidence, the trial judge said he found White "attempted to commit the felony offense of aggravated assault" and that White had a weapon. The trial court's judgment states White was convicted of "BURGLARY OF HABITATION INTEND AGGRAVATED ASSAULT."

3

pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The law as "authorized by the indictment" is the statutory elements "as modified by the charging instrument." *Gollihar v. State*, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001) (quoting *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)). This standard is applied to bench trials as well as trials before a jury. *Malik*, 953 S.W.2d at 240.

The indictment alleged White committed the offense of burglary of a habitation. As alleged, the State had to prove beyond a reasonable doubt White entered a habitation without the effective consent of the owner and committed or attempted to commit the felony offense of

4

aggravated assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(3). To prove White committed aggravated assault, the State first had to prove White committed an assault.[4] An aggravated assault requires proof that White either caused serious bodily injury to another, or used or exhibited a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. §§ 22.01(a), 22.02(a) (West 2011). A firearm is a deadly weapon. TEX. PENAL CODE ANN. § 1.07(a)(17) (West Supp. 2011).

White's sufficiency challenge primarily focuses on the evidence proving the aggravating factors of assault: he does not challenge the evidence proving he entered Perry's apartment without permission.[5] Perry and the investigating police officer described a splintered doorway where White broke into the apartment. Perry said White reached for a pistol, which she said she saw, in the front of his pants. Perry also said that she was frightened, that White said he would kill her, and that she believed he would indeed kill her. A perpetrator's threat of serious bodily injury may be communicated to the victim by his or her actions, conduct, or words. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984).

We find the evidence is sufficient to sustain a determination that White threatened Perry with imminent bodily injury and used or exhibited a deadly weapon. Perry said after White broke

---

[4] Assault is committed by: (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX. PENAL CODE ANN. § 22.01 (West 2011)

[5] As White couches the issue, "Appellant got into a drunken cuss fight with his girlfriend after his unwelcome entrances into her apartment. The possible fact that he possessed a deadly weapon does not rise to the level of proof to sustain a finding of 'attempted' aggravated assault."

5

through the door to her apartment, she pushed him back out the door, where he pushed her in the chest area and punched her in the stomach.[6]  She saw White reach for a "black handgun" in the front of his pants; Perry said she had seen guns before, and this weapon was not a toy.  She testified she believed the pistol to be a .380, but acknowledged telling the 9-1-1 dispatcher the gun was a .9 millimeter.[7]  In *Jones v. State*, 810 S.W.2d 824, 826 (Tex. App.—Houston [14th Dist.] 1991, no pet.), the defendant, in the course of robbing a bank, pulled aside his jacket to reveal the butt of a pistol, and told the teller he would kill her if she were not quiet.  The Fourteenth appellate court found this sufficient to prove use or exhibition of a deadly weapon.  *See also Heathcoat v. State*, 709 S.W.2d 303, 304 (Tex. App.—San Antonio 1986, no pet.) (defendant merely tapped gun in waistband of his pants and told complainant to give him money).  We find this evidence to be sufficient to establish White entered the habitation without consent, committed an assault, and used or exhibited a deadly weapon during the commission of the assault.  TEX. PENAL CODE ANN. §§ 30.02(a)(3), 22.02(a)(2) .

---

[6]The officer at the scene testified when he arrived, Perry was crying and holding her stomach, and told him she was pregnant.  In her trial testimony, Perry said she was not pregnant at the time of the offense, and could not remember telling the police she was pregnant.

[7]The investigating officer also said Perry told him the gun was a .9 millimeter.

We overrule White's point of error.  We affirm the judgment and sentence of the trial court.

Jack Carter
Justice

Date Submitted:     January 9, 2012
Date Decided:       February 10, 2012

Do Not Publish