**Claude Howard JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–411–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 1991.

Hazel R. Bolden, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction for aggravated robbery. Enhanced by a prior murder conviction, the jury sentenced appellant to life imprisonment and a fine of $10,000. In six points of error, appellant argues that: (1) the indictment was defective; (2) the evidence was insufficient to sustain the conviction; (3) the State made an improper jury argument; (4) the jury charge was defective; (5) the penitentiary packets introduced during the punishment phase were inadmissible; and (6) a fine could not be assessed in addition to confinement. We affirm.

In his first point of error, appellant argues that his indictment was fundamentally defective because it failed to allege the requisite *mens rea* to prove he used and exhibited a deadly weapon. The indictment reads:

> [I]n Harris County, Texas, CLAUDE HOWARD JONES, hereafter styled the Defendant, heretofore on or about November 17, 1989, did then and there unlawfully, while in the course of committing theft of property owned by SUSAN ARD and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place SUSAN ARD in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit, a firearm.

While lacking the *mens rea* regarding his use of a deadly weapon, the indictment was issued by a grand jury, was filed with the district clerk, and purports to charge appellant with aggravated robbery. An indictment is still an indictment as contemplated by TEX. CONST. art. V, § 12(b), even though it may "be flawed by matters of substance such as the absence of an element." *Ex parte Morris*, 800 S.W.2d 225, 227 (Tex. Crim.App.1990) (quoting *Studer v. State*, 799 S.W.2d 263, 271 (Tex.Crim.App.1990)) (emphasis in original).

Appellant failed to attack the indictment through a motion to quash presented to the trial court. Defects in form or substance in an indictment must be objected to prior to the date the trial on the merits commences or the right to object is waived on appeal. *Hill v. State*, 750 S.W.2d 2, 3 (Tex.App.—Fort Worth 1988, pet. ref'd, untimely filed); TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1991). We overrule appellant's first point of error.

In his second point of error, appellant argues that the evidence is insufficient to prove he used and exhibited a deadly weapon. When reviewing a sufficiency point, the question is whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

The record reflects that on the afternoon of November 17, 1989, appellant entered the Humble National Bank. He approached a window that was closed and then stepped to another teller's window handing the teller, Susan Ard, a plastic bag. He calmly told her to "put it all in there." Ms. Ard, confused as to appellant's statement, asked him what he meant. He nodded towards the cash drawer and said: "Put that in there. Be quiet or I'll kill you." Ms. Ard began placing the money in the bag, but hesitated because she could not see a weapon. Appellant then told the teller that he would kill her if she did not continue putting the money in the bag. He pulled his jacket aside and showed Ms. Ard the butt of a gun tucked into his waistband. Appellant then reached for the gun and told Ms. Ard that he would kill her if she did not remain quiet. Ms. Ard put the rest of the money in the bag and appellant left the bank after telling her to remain quiet or he would come back and kill her. The amount of money taken from the bank was $14,465.00. Ms. Ard testified

that she was terrified throughout the encounter. Appellant argues that the evidence was insufficient to sustain the finding that he used or exhibited a deadly weapon because he did not physically grasp the gun and directly threaten the teller with it. We disagree.

The Penal Code provides:

(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(2) uses or exhibits a deadly weapon. . . .

TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon Supp.1991). The essential element of an aggravated robbery is the threat or fear of imminent bodily injury or death "*generated simply by the presence of a deadly weapon, its use or exhibition being merely incidental to its presence.*" *Maxwell v. State*, 756 S.W.2d 855, 858 (Tex.App.—Austin 1988, pet. ref'd) (emphasis in original). A defendant does not have to display a deadly weapon to the victim in order to establish a threat to do imminent bodily injury. *Heathcoat v. State*, 709 S.W.2d 303, 304 (Tex.App.—San Antonio 1986, no pet.) (defendant merely tapped gun in waistband of his pants and told complainant to give him money). It is not necessary for a victim to see the entire weapon or any particular part of it to identify it as a pistol. *Banda v. State*, 758 S.W.2d 902, 903 (Tex.App.—Corpus Christi 1988, no pet.) (complainant saw only portion of pistol handle). Here, the fact that appellant pulled aside his jacket and showed the complainant the butt end of a pistol, coupled with his threat that he would kill her if she did not remain quiet, is sufficient evidence for a rational trier of fact to find that appellant used or exhibited a deadly weapon. We overrule appellant's second point of error.

■ In his third point of error, appellant argues that reversible error occurred because the prosecutor's jury argument was specifically designed to inflame the jury. Generally, a timely, proper, and specific objection to an allegedly impermissible jury argument is required to preserve complaint for appellate review. TEX.R.APP.P. 52(a); *Miller v. State*, 741 S.W.2d 382, 391

(Tex.Crim.App.1987), *cert. denied*, 486 U.S. 1061, 108 S.Ct. 2835, 100 L.Ed.2d 935 (1988). However, no objection is required to preserve error if the State's argument is so egregious and prejudicial that an instruction to disregard cannot cure the harm. *Id.; Bowman v. State*, 782 S.W.2d 933, 936 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). We find no reversible error in the prosecutor's closing argument.

Appellant complains of the following argument by the prosecutor:

I beg to differ with defense counsel. I agree that he is a robber but he is also an aggravated robber. *He is a man who uses guns to take people's money.* And maybe you had an idea from television in your, in your own lives as you've come up what [sic] a highjacker looks like or maybe you didn't expect the highjacker you dealt with to look like Mr. Jones, but I ask you to look at him because that's what one of them looks like, a very good one, a very professional one, *a very cold and calculating person who commits aggravated robberies.* (emphasis added).

Appellant argues that the prosecutor improperly referred to conduct implicating appellant in other criminal offenses. Specifically, appellant assigns error to the prosecutor's use of the plural tense because it gave the jury the impression that appellant was involved in other aggravated robberies in addition to the instant offense. We find nothing so egregious in the prosecutor's argument that could not have been cured with an instruction to disregard. *See Jacobs v. State*, 787 S.W.2d 397, 406 (Tex.Crim.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 231, 112 L.Ed.2d 185 (1990). We overrule appellant's third point of error.

■ In his fourth point of error, appellant argues that the trial court erred in denying his requested instruction to the jury concerning inconsistent statements. Ms. Ard, the complainant, testified that appellant had a gun when the offense was committed. On cross-examination, Ms. Ard admitted that she did not mention the gun in her statement to the police. Another witness for the State testified that he saw

appellant carrying a gun in his right hand as he walked from the bank. On cross-examination, he testified that his statement to the police stated that appellant had what *looked like* a gun in his right hand. Appellant now argues that it was reversible error to deny his limiting instruction on the impeachability of the State's witnesses. We disagree.

Where testimony can only be used by the jury for impeachment, no limiting charge to the jury is required. *Cantrell v. State*, 731 S.W.2d 84, 95 (Tex.Crim. App.1987). Similarly, when a *defendant* impeaches the *State's witness*, an instruction limiting the jury's consideration of the impeaching testimony is unnecessary. *Nethery v. State*, 692 S.W.2d 686, 705 (Tex. Crim.App.1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). Here appellant impeached the two witnesses for the State on cross-examination. Their testimony could only have been used by the jury for impeachment purposes and no limiting instruction was required. We overrule appellant's fourth point of error.

In his fifth point of error, appellant argues that the trial court erred in admitting penitentiary packets from Texas and Kansas during the punishment phase. Specifically, appellant asserts that the pen packets were inadmissible as self-authenticated documents because they lacked proper certification. *See Dingler v. State*, 768 S.W.2d 305 (Tex.Crim.App.1989). *Dingler* required that a copy of a judgment and sentence in a pen packet must reflect that the original copy received by the Texas Department of Corrections (TDC) was certified by the district clerk of the convicting court. *Id.* at 306. The *Dingler* opinion spawned numerous appeals ostensibly predicated on the admissibility of pen packets that amounted to no more than a waste of judicial resources. Appellate courts were forced to reverse and remand for a new punishment hearing because the certification by the district clerk of the convicting court was illegible on the copies of the pen packet in the appellate record, *Henderson v. State*, 788 S.W.2d 621, 623 (Tex.App.—Houston [14th Dist.] 1990, pet.

filed), or to order the district clerk to send the original copies of the judgment and sentence to the appellate court to verify the presence of the district court's certification. *Soliz v. State*, 794 S.W.2d 110, 114 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). This recurring problem has now been remedied by the Court of Criminal Appeals. *Dingler* has been overruled and certification by the record clerk of the Texas Department of Criminal Justice, Institutional Division, constitutes proper authentication of the copies of the judgment and sentence found in a pen packet. *Reed v. State*, 811 S.W.2d 582, 586 (Tex.Crim.App.1991); Tex. R.Crim.Evid. 902(4).

The pen packet from Kansas, used for enhancement purposes, contains certifications by the Director of the Division of Classification and Records for the Kansas Department of Corrections, the Judge of the District Court of Shawnee County, and the Clerk of the District Court of Shawnee County whose signature is under the official seal the District Court of Shawnee County, Kansas. The pen packets from Texas, admitted to show the prior criminal record of appellant under Tex. Code Crim.Proc.Ann. art. 37.07, sec. 3(a) (Vernon Supp.1991), contain the certifications of the Record Clerk of the TDC, the Presiding Judge of the County Court of Walker County, and the Clerk of the County Court of Walker County. The judgments and sentences were certified by the District Clerk of Harris County, Texas and attested to under seal, but the seal is not legible on the photocopies in the appellate record.

The Rules of Criminal Evidence provide:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(1) **Domestic public documents under seal.** A document bearing a seal purporting to be that of the United States, or any state, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer,

or agency thereof, and a signature purporting to be an attestation or execution.

\*   \*   \*   \*   \*   \*

**(4) Certified copies of public records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed in a public office, including data compilation in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1), (2), or (3) of this rule or complying with any statute or court rule prescribed pursuant to statutory authority.

TEX.R.CRIM.EVID. 902. Here, the pen packets from Kansas contain the proper certifications from the custodian of records at the Kansas Department of Corrections with proper seals affixed to the pen packets. Thus, they were self-authenticated and admissible without further proof under Rules 902(1) and 902(4). *Reed,* 811 S.W.2d at 586; *Butler v. State,* 769 S.W.2d at 240. The pen packets from Texas contain proper certifications by the Record Clerk of the TDC over the signatures and attestations of the Presiding Judge and Clerk of the County Court of Walker County. Therefore, the Texas packets were admissible under Rule 902(4). *Reed,* 811 S.W.2d at 586. We overrule appellant's fifth point of error.

In his sixth point of error, appellant argues that a fine could not be assessed in addition to confinement. However, the statute for habitual felony offenders has been amended and now states that "[i]n addition to punishment, an individual may be punished by a fine not to exceed $10,-000." TEX.PENAL CODE ANN. § 12.42(c) (Vernon Supp.1991). We overrule appellant's sixth point of error.

Accordingly, we affirm the judgment of the trial court.