FITZGERALD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-196-CR

PINKEY DAVID FITZGERALD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Pinkey David Fitzgerald appeals his conviction by a jury for felony driving while intoxicated (“DWI”), which was enhanced.  Appellant raises four points, arguing that:  (1) the trial court erred in admitting his pen packets; (2) the trial court erred in denying his request for a jury instruction on misdemeanor DWI; (3) the evidence was legally insufficient to support his conviction; and (4) his sentence was assessed in violation of the Eighth Amendment’s protection against cruel and unusual punishment.  We will affirm.

II.  Factual and Procedural Background

The police pulled Appellant over for speeding and running a red light. 
Officers observed that Appellant’s clothing was soiled, disorderly, and torn.  Appellant’s eyes were bloodshot, watery, heavy, and dilated.  His speech was slurred, incoherent, and loud.  The police could smell the odor of alcohol on Appellant’s breath as well as his person.  Appellant refused to take a field sobriety evaluation or a breath test.  Appellant tried to resist being handcuffed by punching at the arresting police officer, but he was ultimately subdued and arrested.  In the arresting officer’s opinion, Appellant was intoxicated. 

The State charged Appellant by indictment 
with felony DWI and included enhancements regarding prior felony convictions and a habitual offender notice. During the guilt/innocence phase, the State presented evidence that Appellant had previously been convicted of two felony DWIs.  After considering all of the evidence, a jury found Appellant guilty.  At punishment, the State offered evidence of another prior felony DWI and a felony conviction for assault on a public servant.  Consequently, the trial court found the enhancement and habitual offender paragraphs to be true and sentenced Appellant to thirty-five years’ confinement. 

III.  Authentication of Pen Packets

In his first point, Appellant argues that the trial court erred when it admitted his pen packets as evidence of prior convictions.  Specifically, Appellant contends that the pen packets were improperly authenticated under the rules of evidence.  
See
 
Tex. R. Evid
. 901, 902.  As such, Appellant maintains that the pen packets were not shown to be authentic and constituted inadmissible hearsay.  We disagree.

“A document may be authenticated under either rules 901 or 902, and it need not be authenticated under both.”  
Spaulding v. State
, 896 S.W.2d 587, 590 (Tex. App.—Houston [1
st
 Dist.] 1995, no pet.) (citing 
Reed v. State
, 811 S.W.2d 582, 586 (Tex. Crim. App.1991) (op. on reh’g)).  The court of criminal appeals has held that certification by the record clerk of the Texas Department of Criminal Justice, Institutional Division (“TDCJID”) constitutes proper authentication of a set of copies of the original judgment and sentence found in a pen packet.  
Reed
, 811 S.W.2d at 586; 
Washington v. State
, 905 S.W.2d 665, 668 (Tex. App.—Houston [14
th
 Dist.] 1995, pet. ref’d) (discussing authentication of pen packet under 
Reed
 and rule of evidence 902(4)); 
see also
 
 Tex. Code Crim. Proc. Ann.
 art. 42.09, § 8(b) (Vernon Supp. 2003).
(footnote: 2)  Rule 902 provides, in pertinent part:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(4) Certified Copies of Public Records.   A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

Tex. R. Evid
. 902(4). 

In this case, the State offered Exhibits 3 and 4, which were Appellant’s pen packets, as evidence of his two prior felony DWI convictions.  Appellant objected to these exhibits on the basis that the documents did not contain a proper seal affixed by the record clerk of the TDCJID and that they contained irrelevant and prejudicial information.  The court overruled Appellant’s “under seal” objection, but offered to redact the prejudicial material.  The court proposed that it would photocopy the cover sheet (which Appellant claimed did not have a seal), the judgment and sentence, and the fingerprint page in each cause number.  Appellant stated, “Okay,” and then he proceeded to reurge his argument that the cover sheet to Exhibit 4 was not under seal.  The court again overruled Appellant’s objections and made State’s Exhibits 3A and 4A–the redacted versions of Exhibits 3 and 4–available to the jury.  The court also admitted State’s Exhibits 3 and 4 for the record.
(footnote: 3) 

Appellant’s claim that the exhibits were not under seal is factually inaccurate because an embossed seal is visible on State’s Exhibits 3 and 4.  
See, e.g., Cuddy v. State, 
No. 06-02-152-CR, slip op at 7, 2003 WL 1900378, at *3 (Tex. App.—Texarkana Apr. 18, 2003, no pet.) (“[A]fter reviewing the pen packets, it is clear the record clerk of the TDCJID both signed the pen packets and properly affixed the required seal, though the seal is very faint.”); 
Taylor v. State
, 947 S.W.2d 698, 707 (Tex. App.—Fort Worth 1997, pet. ref’d) (overruling defendant’s claim that pen packets did not contain seal when they did contain the required seals). 

Appellant’s pen packets contain the proper certifications from the record clerk at TDCJID with proper seals affixed to the pen packets.  The original pen packets are sealed with a faint embossed stamp; therefore, the only reason the redacted copies do not contain the seal is because they are photocopies of the originals.  We also note that Appellant agreed to the method of redaction. 

Further, because authentication is required “as a condition precedent to admissibility,” we hold that the trial court did not err in admitting Appellant’s pen packets because they were self-authenticated and admissible under rule 902(4). 
Tex. R. Evid
. 901, 902(4); 
Reed
, 811 S.W.2d at 586; 
State v. Webb
, 980 S.W.2d 924, 925-26 (Tex. App.—Fort Worth 1998) (op. on reh’g) (“[Rule 901] requires only a showing that satisfies the trial court that the matter in question is what the State claims;  once that showing is made, the exhibit is admissible.“), 
aff’d
, 12 S.W.3d 808 (Tex. Crim. App. 2000); 
Jones v. State
, 810 S.W.2d 824, 829 (Tex. App.—Houston [14
th
 Dist.] 1991, no pet.).  Accordingly, we overrule Appellant’s first point.

IV.  Lesser-Included Offense & Legal Sufficiency

In his second point, Appellant complains that the trial court erred when it denied his request for a jury charge on misdemeanor DWI.  Appellant contends that because his pen packets were inadmissible, the State failed to carry its burden of proving that he had two prior DWI convictions.  
See
 
Tex. Penal Code Ann.
 § 49.09 (Vernon 2003); 
Mosqueda v. State
, 936 S.W.2d 714, 716 (Tex. App.—Fort Worth 1996, no pet.).  In his third point, Appellant argues that the evidence presented at trial is legally insufficient to support his conviction for felony DWI.  
See
 
Tex. Penal Code Ann.
 § 49.09(b).
(footnote: 4)  Like Appellant’s second point, his third point is predicated upon his first.  He argues that because the pen packets were inadmissible, the evidence of two prior DWIs is “nonexistent.”  Because we have already held that the trial court did not err in admitting Appellant’s pen packets, we hold that Appellant’s second and third points are without merit and overrule them accordingly.

V.  Eighth Amendment

In his fourth point, Appellant complains that the thirty-five year sentence assessed against him was violative of the Eighth Amendment’s protection from cruel and unusual punishment.  
See
 
U.S. Const. 
amend. VIII.  Before the punishment phase, Appellant filed a motion to declare his sentence unconstitutional, arguing that the Texas sentencing scheme for DWI offenses violates the Eighth Amendment.  
See id
.  After the State presented its punishment evidence, Appellant argued his motion and stated:

As I pointed out in the brief, Texas is unique.  It’s the only state in the nation that has this.  The maximum sentence -- the maximum sentence in all other states is, with the exception of Oklahoma which has a maximum of 30, the maximum in all other states is below our minimum in this state.  So in that sense, the punishment scheme is not just cruel, at least from state to state it is unusual. 

The trial court overruled Appellant’s objection to the unconstitutionality of the sentencing scheme, and Appellant then presented his punishment evidence. After Appellant closed, the court sentenced him to thirty-five years’ confinement.  Appellant did not object to this sentence. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Taylor v. State
, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).

Appellant’s failure to explicitly object to his sentence at the time it was pronounced resulted in a waiver of his Eighth Amendment claim.  
See
 
Tex. R. App. P.
 33.1(a)(1
); 
Smith v. State
, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (holding defendant waived Eighth Amendment claim when he failed to object to the sentence imposed).  Moreover, the complaint made on appeal must comport with the complaint made in the trial court, or the error is waived.  
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Appellant objected to the unconstitutionality of the sentencing scheme at trial; however, on appeal, he specifically complains that his thirty-five year sentence is unconstitutional. Because Appellant’s complaint on appeal does not comport with the complaint he made in the trial court, any error is waived.  
See
 
Bell
, 938 S.W.2d at 54; 
Rezac
, 782 S.W.2d at 870.  

Even were we to address Appellant’s fourth point in the interest of justice, we are not persuaded that Appellant’s sentence is cruel and unusual under the Eighth Amendment.  
See Vrba v. State
, 69 S.W.3d 713, 716 (Tex. App.—Waco 2002, no pet.) (holding that a sixty year sentence for a DWI conviction where the defendant had an extensive criminal history was not grossly disproportionate and did not violate his Eighth Amendment rights); 
see also Ewing v. California
, 123 S. Ct. 1179, 1185 (2003) (recognizing that the Eighth Amendment “contains a ‘narrow proportionality principle ’ that ‘applies to noncapital sentences’” in “exceedingly rare” cases (quoting 
Harmelin v. Michigan
, 501 U.S. 957, 996-97, 111 S. Ct. 2680, 2702-03 (1991) (Kennedy, J. concurring in part and concurring in judgment) and 
Rummel v. Estelle
, 445 U.S. 263, 272, 100 S. Ct. 1133, 1138 (1980))).  Accordingly, we overrule Appellant’s fourth point.

VI.  Conclusion

Having overruled Appellant’s four points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 3, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Section 8(b) of article 42.09 of the code of criminal procedure provides:

The Texas Department of Criminal Justice shall not take a defendant into custody under this article until the designated officer receives the documents required by Subsections (a) and (c) of this section.  The designated officer shall certify under the seal of the department the documents received under Subsections (a) and (c) of this section.  A document certified under this subsection is self-authenticated for the purposes of Rules 901 and 902, Texas Rules of Criminal Evidence.

Tex. Code Crim. Proc. Ann.
 art. 42.09, § 8(b).

3:
The State supplemented the clerk’s record with the original State’s Exhibits 3 and 4 for our review.  

4:
Section 49.09(b) of the penal code provides:

An offense under Section 49.04, 49.05, 49.06, or 49.065 is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted:

. . . .

(2) two times of any other offense relating to the operating of a motor vehicle while intoxicated.

Tex. Penal Code Ann.
 § 49.09(b)(2).