COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-196-CR
 
PINKEY DAVID FITZGERALD                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                     
STATE
------------
FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
I. Introduction
Appellant Pinkey David Fitzgerald
appeals his conviction by a jury for felony driving while intoxicated ("DWI"),
which was enhanced. Appellant raises four points, arguing that: (1) the trial
court erred in admitting his pen packets; (2) the trial court erred in denying
his request for a jury instruction on misdemeanor DWI; (3) the evidence was
legally insufficient to support his conviction; and (4) his sentence was
assessed in violation of the Eighth Amendment's protection against cruel and
unusual punishment. We will affirm.
II. Factual and
Procedural Background
The police pulled Appellant over
for speeding and running a red light. Officers observed that Appellant's
clothing was soiled, disorderly, and torn. Appellant's eyes were bloodshot,
watery, heavy, and dilated. His speech was slurred, incoherent, and loud. The
police could smell the odor of alcohol on Appellant's breath as well as his
person. Appellant refused to take a field sobriety evaluation or a breath test.
Appellant tried to resist being handcuffed by punching at the arresting police
officer, but he was ultimately subdued and arrested. In the arresting officer's
opinion, Appellant was intoxicated.
The State charged Appellant by
indictment with felony DWI and included enhancements regarding prior felony
convictions and a habitual offender notice. During the guilt/innocence phase,
the State presented evidence that Appellant had previously been convicted of two
felony DWIs. After considering all of the evidence, a jury found Appellant
guilty. At punishment, the State offered evidence of another prior felony DWI
and a felony conviction for assault on a public servant. Consequently, the trial
court found the enhancement and habitual offender paragraphs to be true and
sentenced Appellant to thirty-five years' confinement.
III. Authentication
of Pen Packets
In his first point, Appellant
argues that the trial court erred when it admitted his pen packets as evidence
of prior convictions. Specifically, Appellant contends that the pen packets were
improperly authenticated under the rules of evidence. See Tex. R. Evid.
901, 902. As such, Appellant maintains that the pen packets were not shown to be
authentic and constituted inadmissible hearsay. We disagree.
"A document may be
authenticated under either rules 901 or 902, and it need not be authenticated
under both." Spaulding v. State, 896 S.W.2d 587, 590 (Tex.
App.--Houston [1st Dist.] 1995, no pet.) (citing Reed v. State,
811 S.W.2d 582, 586 (Tex. Crim. App.1991) (op. on reh'g)). The court of criminal
appeals has held that certification by the record clerk of the Texas Department
of Criminal Justice, Institutional Division ("TDCJID") constitutes
proper authentication of a set of copies of the original judgment and sentence
found in a pen packet. Reed, 811 S.W.2d at 586; Washington v. State,
905 S.W.2d 665, 668 (Tex. App.--Houston [14th Dist.] 1995, pet. ref'd)
(discussing authentication of pen packet under Reed and rule of
evidence 902(4)); see also Tex. Code Crim. Proc. Ann. art. 42.09, §
8(b) (Vernon Supp. 2003). (2) Rule 902 provides,
in pertinent part:

        
 Extrinsic evidence of authenticity as a condition precedent to admissibility
 is not required with respect to the following:
 
        
 (4) Certified Copies of Public Records. A copy of an official record or
 report or entry therein, or of a document authorized by law to be recorded
 or filed and actually recorded or filed in a public office, including data
 compilations in any form certified as correct by the custodian or other
 person authorized to make the certification, by certificate complying with
 paragraph (1), (2) or (3) of this rule or complying with any statute or
 other rule prescribed pursuant to statutory authority.
 

Tex. R. Evid. 902(4).
In this case, the State offered
Exhibits 3 and 4, which were Appellant's pen packets, as evidence of his two
prior felony DWI convictions. Appellant objected to these exhibits on the basis
that the documents did not contain a proper seal affixed by the record clerk of
the TDCJID and that they contained irrelevant and prejudicial information. The
court overruled Appellant's "under seal" objection, but offered to
redact the prejudicial material. The court proposed that it would photocopy the
cover sheet (which Appellant claimed did not have a seal), the judgment and
sentence, and the fingerprint page in each cause number. Appellant stated,
"Okay," and then he proceeded to reurge his argument that the cover
sheet to Exhibit 4 was not under seal. The court again overruled Appellant's
objections and made State's Exhibits 3A and 4A-the redacted versions of Exhibits
3 and 4-available to the jury. The court also admitted State's Exhibits 3 and 4
for the record. (3)
Appellant's claim that the exhibits
were not under seal is factually inaccurate because an embossed seal is visible
on State's Exhibits 3 and 4. See, e.g., Cuddy v. State, No.
06-02-152-CR, slip op at 7, 2003 WL 1900378, at *3 (Tex. App.--Texarkana Apr.
18, 2003, no pet.) ("[A]fter reviewing the pen packets, it is clear the
record clerk of the TDCJID both signed the pen packets and properly affixed the
required seal, though the seal is very faint."); Taylor v. State,
947 S.W.2d 698, 707 (Tex. App.--Fort Worth 1997, pet. ref'd) (overruling
defendant's claim that pen packets did not contain seal when they did contain
the required seals).
Appellant's pen packets contain the
proper certifications from the record clerk at TDCJID with proper seals affixed
to the pen packets. The original pen packets are sealed with a faint embossed
stamp; therefore, the only reason the redacted copies do not contain the seal is
because they are photocopies of the originals. We also note that Appellant
agreed to the method of redaction.
Further, because authentication is
required "as a condition precedent to admissibility," we hold that the
trial court did not err in admitting Appellant's pen packets because they were
self-authenticated and admissible under rule 902(4). Tex. R. Evid. 901, 902(4); Reed,
811 S.W.2d at 586; State v. Webb, 980 S.W.2d 924, 925-26 (Tex.
App.--Fort Worth 1998) (op. on reh'g) ("[Rule 901] requires only a showing
that satisfies the trial court that the matter in question is what the State
claims; once that showing is made, the exhibit is admissible."), aff'd,
12 S.W.3d 808 (Tex. Crim. App. 2000); Jones v. State, 810 S.W.2d 824,
829 (Tex. App.--Houston [14th Dist.] 1991, no pet.). Accordingly, we
overrule Appellant's first point.
IV. Lesser-Included
Offense & Legal Sufficiency
In his second point, Appellant
complains that the trial court erred when it denied his request for a jury
charge on misdemeanor DWI. Appellant contends that because his pen packets were
inadmissible, the State failed to carry its burden of proving that he had two
prior DWI convictions. See Tex. Penal Code Ann. § 49.09 (Vernon 2003);
Mosqueda v. State, 936 S.W.2d 714, 716 (Tex. App.--Fort Worth 1996, no
pet.). In his third point, Appellant argues that the evidence presented at trial
is legally insufficient to support his conviction for felony DWI. See
Tex. Penal Code Ann. § 49.09(b). (4) Like
Appellant's second point, his third point is predicated upon his first. He
argues that because the pen packets were inadmissible, the evidence of two prior
DWIs is "nonexistent." Because we have already held that the trial
court did not err in admitting Appellant's pen packets, we hold that Appellant's
second and third points are without merit and overrule them accordingly.
V. Eighth Amendment
In his fourth point, Appellant
complains that the thirty-five year sentence assessed against him was violative
of the Eighth Amendment's protection from cruel and unusual punishment. See
U.S. Const. amend. VIII. Before the punishment phase, Appellant filed a motion
to declare his sentence unconstitutional, arguing that the Texas sentencing
scheme for DWI offenses violates the Eighth Amendment. See id. After
the State presented its punishment evidence, Appellant argued his motion and
stated:

        
 As I pointed out in the brief, Texas is unique. It's the only state in the
 nation that has this. The maximum sentence -- the maximum sentence in all
 other states is, with the exception of Oklahoma which has a maximum of 30, the
 maximum in all other states is below our minimum in this state. So in that
 sense, the punishment scheme is not just cruel, at least from state to state
 it is unusual.

The trial court overruled
Appellant's objection to the unconstitutionality of the sentencing scheme, and
Appellant then presented his punishment evidence. After Appellant closed, the
court sentenced him to thirty-five years' confinement. Appellant did not object
to this sentence.
To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.
Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070 (1999).
Further, the trial court must have ruled on the request, objection, or motion,
either expressly or implicitly, or the complaining party must have objected to
the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); Taylor v.
State, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).
Appellant's failure to explicitly
object to his sentence at the time it was pronounced resulted in a waiver of his
Eighth Amendment claim. See Tex. R. App. P. 33.1(a)(1); Smith v.
State, 10 S.W.3d 48, 49 (Tex. App.--Texarkana 1999, no pet.) (holding
defendant waived Eighth Amendment claim when he failed to object to the sentence
imposed). Moreover, the complaint made on appeal must comport with the complaint
made in the trial court, or the error is waived. Bell v. State, 938
S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827
(1997); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
Appellant objected to the unconstitutionality of the sentencing scheme at trial;
however, on appeal, he specifically complains that his thirty-five year sentence
is unconstitutional. Because Appellant's complaint on appeal does not comport
with the complaint he made in the trial court, any error is waived. See
Bell, 938 S.W.2d at 54; Rezac, 782 S.W.2d at 870.
Even were we to address Appellant's
fourth point in the interest of justice, we are not persuaded that Appellant's
sentence is cruel and unusual under the Eighth Amendment. See Vrba v. State,
69 S.W.3d 713, 716 (Tex. App.--Waco 2002, no pet.) (holding that a sixty year
sentence for a DWI conviction where the defendant had an extensive criminal
history was not grossly disproportionate and did not violate his Eighth
Amendment rights); see also Ewing v. California, 123 S. Ct. 1179, 1185
(2003) (recognizing that the Eighth Amendment "contains a 'narrow
proportionality principle ' that 'applies to noncapital sentences'" in
"exceedingly rare" cases (quoting Harmelin v. Michigan, 501
U.S. 957, 996-97, 111 S. Ct. 2680, 2702-03 (1991) (Kennedy, J. concurring in
part and concurring in judgment) and Rummel v. Estelle, 445 U.S. 263,
272, 100 S. Ct. 1133, 1138 (1980))). Accordingly, we overrule Appellant's fourth
point.
VI. Conclusion
Having overruled Appellant's four
points, we affirm the trial court's judgment.
 
                                                       
   ANNE GARDNER
                                                       
   JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 3, 2003

1. See Tex. R. App. P. 47.4.
2. Section 8(b) of article 42.09 of the code of criminal
procedure provides:

   
      The Texas Department of Criminal Justice shall not
 take a defendant into custody under this article until the designated officer
 receives the documents required by Subsections (a) and (c) of this section.
 The designated officer shall certify under the seal of the department the
 documents received under Subsections (a) and (c) of this section. A document
 certified under this subsection is self-authenticated for the purposes of
 Rules 901 and 902, Texas Rules of Criminal Evidence.

Tex. Code Crim. Proc. Ann. art.
42.09, § 8(b).
3. The State supplemented the clerk's record with the
original State's Exhibits 3 and 4 for our review.
4. Section 49.09(b) of the penal code provides:

   
      An offense under Section 49.04, 49.05, 49.06, or
 49.065 is a felony of the third degree if it is shown on the trial of the
 offense that the person has previously been convicted:
        
 . . . .
 
   
      (2) two times of any other offense relating to the
 operating of a motor vehicle while intoxicated.
 

Tex. Penal Code Ann. §
49.09(b)(2).