Affirmed and Memorandum Opinion filed July 9, 2009








Affirmed and Memorandum Opinion filed July 9, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00702-CR

____________

 

TRAVIS PRUNTY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 1121157

 



 

M E M O R A N D U M    O P I N I O N

A jury found appellant, Travis Prunty, guilty of aggravated
robbery and assessed punishment at thirty-five years= confinement. The
trial court sentenced appellant accordingly.  In two issues, appellant contends
the trial court erred by denying his requested jury instruction on the lesser
included offenses of (1) theft and (2) unauthorized use of a motor vehicle. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm. See Tex. R. App. P. 47.4.








I. Background

On the morning of June 15, 2007, appellant approached David
Mireles at Mireles=s used car lot and asked about purchasing
a car for his daughter.  Mireles showed appellant some vehicles.  Appellant
eventually narrowed his interest to two vehicles,  a white car and a gold or
tan 1995 J-30 Infinity.  Mireles unlocked the Infinity and started the engine. 
After looking at the Infinity, appellant told Mireles he had changed his mind
and was more interested in the white car because it got better gas milage. 
Mireles then began walking away from the Infinity to get the white car and show
it to appellant.  

As Mireles was walking away, appellant got in the Infinity,
shut the door, put the car in drive, and drove over the curb.  Mireles chased appellant. 
When Mireles reached appellant, appellant stopped the car with two tires
resting on the street and two on the curb.  Mireles put his hands on the car
door and asked appellant what he was doing.  Mireles then observed appellant=s left hand
resting on the steering wheel and his right hand on a semi-automatic pistol in
his lap.  Appellant looked up at Mireles, down toward the gun, and back at
Mireles.  At that point, Mireles backed away from the window and let appellant
drive away because Mireles feared for his life and feared appellant might use
the gun on him.  

After Mireles lost sight of the vehicle, he called 911. 
City of Houston Police Officer Warren Hayward arrived within minutes.  Mireles
told Hayward what happened and provided a description of the vehicle and the
suspect.  Approximately twenty-four minutes later, Hayward spotted the vehicle
with the suspect inside.  Hayward conducted a felony traffic stop and
apprehended appellant.  The police called Mireles to the location of the stop,
and Mireles identified the car and appellant.  Despite searching several areas,
the police never found the pistol.  Appellant was arrested and charged with
aggravated robbery.








Trial was to a jury.  Appellant requested the lesser
included offenses of theft and unauthorized use of a motor vehicle.  The trial
court denied both requests.  The jury found appellant guilty of the charged
offense of aggravated robbery.

                                           II. Analysis

In issues one and two, appellant contends the trial court
erred by denying his requested jury instructions on the lesser included
offenses of theft and unauthorized use of a motor vehicle, respectively.  We
apply a two-prong test to determine whether a defendant is entitled to a jury instruction
on a lesser included offense.  Stadt v. State, 182 S.W.3d 360, 363 (Tex. Crim. App. 2005); Rousseau
v. State, 855 S.W.2d 666, 672B73 (Tex. Crim. App. 1993).  First,
the lesser included offense must be included within the proof necessary to
establish the offense charged.  Stadt, 182 S.W.3d at 363; Rousseau,
855 S.W.2d at 672B73; see Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006) (providing, inter
alia, offense is lesser included offense if established by proof of same or
less than all facts required to establish commission of charged offense). 
Second, some evidence must exist in the record that would allow a reasonable
jury to find, if the defendant is guilty, he is guilty only of the lesser
offense.  Stadt, 182 S.W.3d at 363; Rousseau, 855 S.W.2d at 672B73.








The State concedes the offenses of theft and unauthorized
use of a motor vehicle are included within the proof necessary to establish the
offense of aggravated robbery.  See Jacob v. State, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (regarding
theft and citing Campbell v. State, 571 S.W.2d 161, 162 (Tex. Crim. App.
1978)); Griffin v. State, 614 S.W.2d 155, 158 n.4 (Tex. Crim. App. 1981) (regarding
unauthorized use of motor vehicle).  Therefore, we must determine whether there
was any evidence in the record from which a reasonable jury could find
appellant guilty only of theft or only of unauthorized use of a motor vehicle. 
See Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).  In making
this determination, we must consider all the evidence presented at trial.  Id. 
If evidence in the record, from any source, raises the issue of a lesser
included offense and the defendant properly requests a jury charge on that
issue, the trial court must submit the issue to the jury.  See Flores v.
State, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008).  Because appellant=s issues are
substantially similar, we address them together.

The court
instructed the jurors in appellant=s case to convict
him of aggravated robbery if they found beyond a reasonable doubt appellant Aunlawfully, while
in the course of committing theft of property owned by David Mireles and with
intent to obtain or maintain control of the property, intentionally or
knowingly threaten[ed] or plac[ed] David Mireles in fear of imminent bodily
injury or death, and [appellant] . . . use[ed] or exhibit[ed] a deadly weapon 
. . . .@  See Tex.
Penal Code Ann. ' 29.03(a)(2), (3) (Vernon 2003).  A person
is guilty of theft if he appropriates the property of another with intent to
deprive the owner of the property and without the owner=s effective
consent.  See Tex. Penal Code Ann. ' 31.03(a), (b)(1)
(Vernon Supp. 2008).  A person is guilty of unauthorized use of a motor vehicle
if he intentionally or knowingly operates another=s motor-propelled
vehicle without the effective consent of the owner.  Tex. Penal Code Ann. ' 31.07(a) (Vernon 2003).  Thus, for
appellant to have been entitled to a jury instruction on the lesser included
offense of theft or of unauthorized use of a motor vehicle there must have been
some evidence from which a rational jury could conclude appellant did not
intentionally or knowingly threaten or place Mireles in fear of imminent harm
and did not use or exhibit a deadly weapon.  See Bignall, 887 S.W.2d at
23; Reyna v. State, No. 14-98-00829-CR, 1999 WL 1080743, at *4 (Tex. App.CHouston [14th Dist.] Dec. 2, 1999,
pet. ref=d) (not designated
for publication).[1]








Mireles testified
he observed appellant=s hand on a pistol, and appellant concedes
the State proved he possessed a pistol.  Mireles also testified appellant
looked down at the pistol and back at Mireles, causing Mireles to fear for his
life.  Mireles=s testimony is uncontroverted.  Nevertheless,
appellant argues he did not Ause or exhibit@ a deadly weapon
because there was no testimony he pointed the pistol, waived it at Mireles, or
used it.

A person Auses or exhibits@ a deadly weapon
under the aggravated robbery statute if he employs the weapon in any manner
that facilitates the associated felony.  McCain v. State, 22 S.W.3d 497,
502 (Tex. Crim. App. 2000).  A pistol
or handgun is a deadly weapon per se under the Texas Penal Code.  Williams
v. State, 567 S.W.2d 507, 509 (Tex. Crim. App. 1978); see Tex. Penal Code Ann. ' 1.07(a)(17)(A)
(Vernon Supp. 2008).

Texas courts have
interpreted Ause or exhibit@ to mean the mere
display of a deadly weapon will satisfy the requirement.  See McCain, 22
S.W.3d at 503 (holding partial exposure of butcher knife in defendant=s back pocket
sufficient to find deadly weapon was used); Jones v. State, 810 S.W.2d
824, 827 (Tex. App.CHouston [14th Dist.] 1991, no writ)
(holding fact defendant pulled aside jacket and showed complainant the butt end
of pistol, coupled with threat he would kill her if she did not remain quiet,
was sufficient evidence for rational trier of fact to find defendant used or
exhibited a deadly weapon); Anderson v. State, 813 S.W.2d 177, 180 (Tex. App.CDallas 1991, no writ.) (holding
possession of gun was sufficient to find defendant used or exhibited gun, even
though appellant did not make any threats or point gun at complainant). 
Therefore, Mireles=s testimony he observed the pistol in
appellant=s lap under his hand and the pistol caused him to fear
for his life was sufficient to support a finding that the pistol was Aused or exhibited@ under Texas Penal
Code section 29.03(a)(2).








Before an
instruction on a lesser included offense is warranted, there must be some
evidence directly germane to a lesser included offense for the fact finder to
consider.  See Bignall, 887 S.W.2d at 24.  A jury instruction on a lesser
included offense is not required if the defendant presents no evidence, and
there is no evidence otherwise showing he is guilty only of the lesser included
offense.  See Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).  Here,
appellant did not testify or offer any evidence, and there was no evidence from
any source contradicting Mireles=s testimony
appellant possessed a gun and the gun caused Mireles to fear for his life.[2]

For the foregoing
reasons, we overrule appellant=s two issues and affirm the judgment of
the trial court.

 

 

 

/s/      Charles W. Seymore

Justice

 

 

 

 

 

Panel consists of
Justices Seymore, Brown, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Additionally, for appellant to have been entitled to
a lesser included offense instruction on unauthorized use of a motor vehicle,
there had to have been some evidence appellant did not intend to permanently
deprive Mireles of his property.   Reyna v. State, No. 14-98-00829-CR,
1999 WL 1080743, at *4 (Tex. App.CHouston
[14th Dist.] Dec. 2,
1999, pet. ref=d) (not designated for
publication).





[2]  Thus, the fact the pistol was not found, without
more, does not warrant the instruction.  Cf. Bignall v. State, 887 S.W.2d 21, 23B24 (Tex. Crim. App.
1994) (holding lesser included offense of
theft warranted when there was affirmative testimony no one involved in offense
had a gun and gun was not found).