

# NUMBER 13-23-00572-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SANTUAN QUIANTE WILSON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

## ON APPEAL FROM THE 187TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

Appellant Santuan Quiante Wilson challenges his conviction of aggravated robbery with a deadly weapon, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03. The jury found Wilson guilty, and the trial court sentenced Wilson to twenty years' imprisonment. Wilson argues the evidence is legally insufficient to support his conviction. We affirm as modified.

# I. BACKGROUND[1]

At trial, Breanna Younger, the complainant, testified that three men entered her home at approximately 8:00 p.m. the night of the robbery. Younger testified that she was eating dinner with her two sons on the couch when the men opened the front door and walked into her home unannounced. Younger recognized Wilson because he is her maternal cousin, and she recognized one of the other men, Derek Alexander, as an ex-boyfriend of a close friend. She did not recognize the third man.

Younger testified that the men did not say anything and immediately started walking down the hallway towards her bedroom. She noticed that Alexander and Wilson had handguns. She testified that she could see the handle of a black gun "tucked in front of [Wilson's] shirt in his waistband." She followed the men to her bedroom and began yelling at them and "making a ruckus" to get them to leave. Younger said that Alexander then "waved" his gun around and told Younger that "he didn't want to have to use it." Younger testified that she stepped aside and watched the men go through her closet. She said that she was scared, particularly because her sons were in the house and witnessed the men enter their home. Wilson told Younger they were there because her then-boyfriend had taken "some guys to [Wilson's mother's] house . . . he was disrespecting [her] and it's—that's just the streets. . . . [T]hat's what happens." After retrieving about

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

$300 in cash from Younger's bedroom, the men left in a car driven by a fourth man. Younger called the police, and Wilson was later arrested.

The jury found Wilson guilty of aggravated robbery, and the court sentenced Wilson as mentioned above. This appeal followed.

## II.  DISCUSSION

Wilson argues that the evidence is legally insufficient to prove beyond a reasonable doubt that he exhibited a firearm in the commission of the robbery, and thus, is insufficient to support his conviction for aggravated robbery.

### A.  Standard of Review & Applicable Law

"Evidence is sufficient to support a criminal conviction if a rational jury could find each essential element of the offense beyond a reasonable doubt." *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In a legal sufficiency review, "we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021). We defer to the jury's role as the factfinder, which includes "resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

We measure the sufficiency of the evidence against "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily

3

increase the State's burden of proof or restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

A person commits aggravated robbery if he or she "commits robbery as defined in [§] 29.02 and . . . uses or exhibits a deadly weapon." TEX. PENAL CODE ANN. § 29.03. A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he or she intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id.* §§ 29.01(2)(B), 29.02(a)(2). "In the course of committing theft" means "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01(1). A person commits theft if he or she appropriates the property of another without the owner's consent. *Id.* § 31.03(a), (b)(1).

## B. Analysis

Wilson only challenges the legal sufficiency of the "deadly weapon" element of his conviction. He does not dispute that a firearm is a deadly weapon per se. *See id.* § 1.07(a)(17)(A). Instead, Wilson contends that Younger's testimony, the sole evidence at trial that he exhibited a handgun in the commission of the robbery, was insufficient to prove that he exhibited a deadly weapon beyond a reasonable doubt. He points to the following testimony:

[Counsel]: And you say your cousin had a weapon on him?

[Younger]: Yes.

[Counsel]: Okay. And was his pulled out?

[Younger]: No, it wasn't.

[Counsel]: And it was tucked down in his waist?

4

[Younger]: Yes.

[Counsel]: Okay. So you saw part of it?

[Younger]: Yes. They—the handle, it was just like tucked in front of his shirt in his waistband.

[Counsel]: So with that weapon that he had, that you claim he had, could you tell whether it was a real one or a replica?

[Younger]: I'm not sure. A gun is a gun to me.

Wilson argues that Younger's testimony is insufficient because she said she was "not sure" the gun was real, and she only saw the handle of the alleged gun. However, on direct examination, Younger testified that she immediately noticed both Wilson and Alexander had handguns when they entered her home. She testified that she had seen real firearms prior to the robbery and that she was able to identify Wilson's handgun in the front of his waistband. She also stated that she had a pending misdemeanor for unlawful carry, further indicating that she was familiar with firearms.

The complainant's testimony alone is sufficient to support a finding that the defendant used or exhibited a deadly weapon. *See Padilla v. State*, 254 S.W.3d 585, 590 (Tex. App.—Eastland 2008, pet. ref'd) (holding that the complainant's testimony alone, if believed, is sufficient to support a conviction for aggravated assault with a deadly weapon); *see also Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). The jury is the sole judge of the weight and credibility of witness testimony, and it was within the jury's province to resolve any alleged inconsistencies or conflicts in Younger's testimony. *See Murray*, 457 S.W.3d at 448; *Brooks v. State*, 323 S.W.3d 893, 899–900 (Tex. Crim. App. 2010). Viewing this evidence in a light most favorable to the verdict, a rational

5

factfinder could have found that Wilson displayed or exhibited a firearm beyond a reasonable doubt. *See Jones v. State*, 810 S.W.2d 824, 827 (Tex. App.—Houston [14th Dist.] 1991, no pet.) ("[T]he fact that appellant pulled aside his jacket and showed the complainant the butt end of a pistol, coupled with his threat that he would kill her if she did not remain quiet, is sufficient evidence for a rational trier of fact to find that appellant used or exhibited a deadly weapon.").

Further, Younger was not required to see the entire firearm to identify it as such. *See id.*; *see also Williams v. State*, No. 12-11-00147-CR, 2012 WL 3104390, at *3 (Tex. App.—Tyler July 31, 2012, pet. ref'd) (mem. op., not designated for publication) ("When the weapon used in the robbery is alleged to be a handgun, it is not necessary for the victim to see the entire weapon or any particular part of it to identify it as a pistol."). For example, in *McCain v. State*, the Texas Court of Criminal Appeals held that a partially concealed butcher knife was nevertheless "used or exhibited" during the defendant's criminal actions:

> The remaining question, then, is whether the [partially concealed] butcher knife was "used or exhibited" during the criminal transaction. Had the knife been completely concealed by appellant's clothing, additional facts would have been needed to establish that the butcher knife was used. But the knife was partially exposed, and from that exposure, the factfinder could rationally conclude that the knife was exhibited during the criminal transaction, or at least, that its presence was used by appellant to instill in the complainant apprehension, reducing the likelihood of resistance during the encounter.

22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

Because the jury reasonably could have found that Younger saw Wilson with a handgun in his waistband in the course of committing the robbery, and a handgun is a

6

deadly weapon per se, the jury's deadly weapon finding was legally sufficient. *See id.* We overrule Wilson's sole issue.

### III.    MODIFICATION

Appellant's last name is spelled "Wison" in the trial court's final judgment, but the record shows appellant's last name is "Wilson." We have the authority to reform a judgment "to speak the truth" when necessary. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *see Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Accordingly, we modify the trial court's final judgment to reflect that appellant's name is "Wilson," not "Wison." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27; *French*, 830 S.W.2d at 609.

### IV.    CONCLUSION

The trial court's judgment is affirmed as modified.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of October, 2024.

7